BURGESS v. HOUSE.

(Supreme Court, Appellate Division, First Department. March 23, 1900.)

JUDGMENT ON PLEADING—COUNTERCLAIM—GENERAL DENIAL.

In an action for goods sold and delivered, defendant answered by a general denial and by counterclaim, alleging an agreement to sell goods of the same quantity and character as claimed in the complaint, with a collateral agreement that plaintiff would not sell similar goods to others at a less price than charged to defendant, and that such agreement had been broken. Defendant claimed an allowance equal to the difference between the price he agreed to pay and the price at which similar goods were sold. *Held*, that a judgment for plaintiff on the pleadings, less the allowance to defendant, was erroneous, as the claim of plaintiff was neither expressly nor impliedly admitted, as required by Code Civ. Proc. § 511, to justify such judgment.

Appeal from special term, New York county.

Action by William H. Burgess against William Everett House for goods sold. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Jesse S. Epstein, for appellant.
Abr. A. Joseph, for respondent.

BARRETT, J. The complaint sets forth a cause of action for goods sold and delivered. The answer is—First, a general denial;

second, a counterclaim. This counterclaim relates to a contract for the purchase by the defendant from the plaintiff of the precise quantity and character of goods specified in the complaint, at the same time, and for the same price. The averment on that head is that the plaintiff agreed not to sell similar goods to others at a less price than that agreed to be paid by the defendant, and that, in violation of this agreement, the plaintiff did sell similar goods at a less price. The defendant claims that he thereupon became entitled to an allowance equal to the difference between the price he agreed to pay and the price at which similar goods were sold. For this allowance (which is less than the amount claimed by the plaintiff) the defendant demands judgment. The court below deducted this allowance from the plaintiff's demand, and gave the plaintiff judgment for the balance. The motion for judgment was made and granted upon the assumption that the counterclaim admitted a part of the plaintiff's claim to be just, within the intent and meaning of section 511 of the Code of Civil Procedure. The admission, under that section, must be express, or by not denying. There was no such admission here. On the contrary, the answer contains the general denial. The counterclaim does not relate, in terms, to the goods referred to in the complaint. It probably does refer to them, but not necessarily so. That is a matter of inference. What the section requires is an express admission. We are thus asked to construe the counterclaim as impliedly admitting what is expressly denied. Clearly, that cannot be done. But, further, this section 511 relates to an admission of the justice of part of the plaintiff's claim as such, not to the establishment of a just balance by the deduction from the plaintiff's claim of the amount due upon a conceded counterclaim. The only provision on the latter head is found in section 512. Under that section, however, the deduction of the admitted counterclaim, with judgment for the excess, is permitted only when the plaintiff's claim is undenied.

The judgment must therefore be reversed, with costs to the appellant. All concur.