William H. Burgess, Respondent, *v.* William Everett House, Appellant.

*General denial and a counterclaim — when judgment for the difference between the amount demanded in the complaint and that asked for by the answer is improper.*

The answer interposed in an action to recover for goods sold and delivered contained a general denial and set up, as a counterclaim, a contract for the purchase by the defendant from the plaintiff of goods of the same quantity and character as those specified in the complaint at the same time and for the same price as therein stated, and alleged that the plaintiff, in violation of an agreement with the defendant, sold similar goods to others at a less price than that agreed to be paid by the defendant. The answer demanded judgment for the difference between the price which the defendant agreed to pay and the price at which similar goods were sold.

*Held,* that the plaintiff was not entitled to judgment upon the pleadings for the amount demanded in his complaint, less the amount claimed by the defendant.

Appeal by the defendant, William Everett House, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of December, 1899, upon an order made at the New York Special Term, and entered in said clerk's office on the 6th day of December, 1899, granting the plaintiff's motion for judgment upon the pleadings, with notice of an intention to bring up for review upon such appeal the said order.

*Jesse S. Epstein,* for the appellant.

*Abr. A. Joseph,* for the respondent.

Barrett, J. :

The complaint sets forth a cause of action for goods sold and delivered. The answer is, *first,* a general denial ; *second,* a counterclaim. This counterclaim relates to a contract for the purchase by the defendant from the plaintiff of the precise quantity and character of goods specified in the complaint — at the same time and for the same price. The averment on that head is, that the plaintiff agreed not to sell similar goods to others at a less price than that agreed to be paid by the defendant, and that in violation of this

agreement the plaintiff did sell similar goods at a less price. The defendant claims that he thereupon became entitled to an allowance equal to the difference between the price he agreed to pay and the price at which similar goods were sold. For this allowance (which is less than the amount claimed by the plaintiff) the defendant demands judgment. The court below deducted this allowance from the plaintiff's demand, and gave the plaintiff judgment for the balance. The motion for judgment was made and granted upon the assumption that the counterclaim admitted a part of the plaintiff's claim to be just, within the intent and meaning of section 511 of the Code of Civil Procedure. The admission, under that section, must be express, or by not denying. There was no such admission here. On the contrary, the answer contains the general denial. The counterclaim does not relate in terms to the goods referred to in the complaint. It probably does refer to them, but not necessarily so. That is a matter of inference. What the section requires is an express admission. We are thus asked to construe the counterclaim as impliedly admitting what is expressly denied. Clearly that cannot be done. But, further, this section 511 relates to an admission of the justice of part of the plaintiff's claim *as such*, not to the establishment of a just balance by the deduction from the plaintiff's claim of the amount due upon a conceded counterclaim. The only provision on the latter head is found in section 512. Under that section, however, the deduction of the admitted counterclaim, with judgment for the excess, is permitted only when the plaintiff's claim is undenied.

The judgment must, therefore, be reversed, with costs to the appellant.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed, with costs to appellant.