## HEPPES–NELSON ROOFING CO. v. LEWIS et al.

(District Court, E. D. New York. November 15, 1920.)

Pleading ⚫═349—Right to judgment for part of claim on answer merely setting up counterclaim requires admission of counterclaim.

    Code Civ. Proc. N. Y. § 511, provides that, when the answer admits a part of plaintiff's claim to be just, the court may order the action severed and render judgment for the part admitted. Section 512 provides that, where the answer does not deny plaintiff's claim, but sets up a counterclaim for a less amount, plaintiff, by admitting the counterclaim, may take judgment by default for the excess. *Held* that, in the latter case, plaintiff is not entitled to severance and judgment under section 511, but to judgment only on admitting the counterclaim as provided in section 512.

At Law. Action by the Heppes-Nelson Roofing Company against Joseph Lewis and others. On motion by plaintiff for severance and judgment for part of claim. Denied.

Robert Ramsey and Harry D. Nims, both of New York City, for the motion.

Morrison & Schiff, of New York City, opposed.

GARVIN, District Judge. This is a motion for an order granting judgment in favor of the plaintiff in the sum of $10,375, admitted by the answer herein to be due the plaintiff, and directing that the action herein be severed, and, if the plaintiff so elects, that it be continued as to the remainder of the claim set up in the complaint, with like effect as to all subsequent proceedings as if it had been originally brought for the remainder of the claim. The complaint is based upon two bills of exchange, aggregating $25,375, exclusive of interest. The defend-

ants' liability is not denied, but the answer sets up a counterclaim for $15,000 for an alleged failure of plaintiff to deliver other goods pursuant to contract.

Plaintiff relies upon section 511 of the Code of Civil Procedure of the state of New York, which provides as follows:

"Where the answer of the defendant, expressly or by not denying, admits a part of the plaintiff's claim to be just, the court, upon the plaintiff's motion, may, in its discretion, order that the action be severed; that a judgment be entered for the plaintiff for the part so admitted; and if the plaintiff so elects, that the action be continued, with like effect, as to the subsequent proceedings, as if it had been originally brought for the remainder of the claim."

Defendant resists the motion, relying upon section 512, which reads as follows:

"In an action upon contract, where the complaint demands judgment for a sum of money only, if the defendant, by his answer, does not deny the plaintiff's claim, but sets up a counterclaim amounting to less than the plaintiff's claim; the plaintiff, upon filing with the clerk an admission of the counterclaim, may take judgment for the excess, as upon a default for want of an answer. The admission must be made a part of the judgment roll."

Under section 511 the court may act only in cases where a part of plaintiff's claim is admitted. The Legislature may have intended to include such a state of facts as is presented by the case at bar, but the language employed does not warrant judicial action predicated upon such assumption. An observation in the opinion in the case of Burgess v. House, 49 App. Div. 383, 63 N. Y. Supp. 512, indicates that the New York courts have reached the same conclusion. That opinion reads in part as follows:

"But, further, this section 511 relates to an admission of the justice of part of the plaintiff's claim as such, not to the establishment of a just balance by the deduction from the plaintiff's claim of the amount due upon a conceded counterclaim. The only provision on the latter head is found in section 512."

Motion for judgment denied.