HERMAN APPELBAUM, Plaintiff, *v.* ALBERT B. GROSS et al., Defendants.

(Supreme Court, Kings Special Term, November, 1921.)

**Motions and orders — partial judgment — admission in answer of part of amount due — Rules of Civil Practice, rules 113, 114.**

> The words "such defense" in rule 114 of the Rules of Civil Practice plainly have reference to the defense specified in the preceding rule 113, and when the two rules are read together, as they must be, the remedy afforded by rule 114 can be granted only in a case in which a summary judgment may be entered under rule 113.
>
> Where in an action to recover money alleged to be due under contracts of employment the answer admits that a certain sum, a part of the entire claim, was found to be due plaintiff at the date of an accounting between the parties of the transactions constituting the subject matter of the action, a motion under rule 114 of the Rules of Civil Practice for final judgment for the part so admitted to be due, will be granted, even assuming that every allegation in separate defenses be proven to be true.
>
> The historical source of both of said rules stated.

MOTION for partial judgment under rule 114, Rules of Civil Practice.

Katz & Sommerich, for plaintiff.

Meier Steinbrink and Frank E. Johnson, Jr., for defendants.

KAPPER, J.   This motion is made under rule 114 of the Rules of Civil Practice for final judgment for a

part of an entire claim alleged to be admitted. The action is brought to recover the sum of $152,035.92 alleged to be the share of the profits in defendants' business to which the plaintiff is entitled under contracts of employment covering the period from February 1, 1910, to February 1, 1921. These contracts are three in number and each is the subject matter of a separate cause of action set forth in the complaint. The first agreement is dated February 1, 1910, and, as subsequently modified by supplemental agreement, covers the period to February 1, 1915. The second is dated February 1, 1915, and covers a period of three years. The third is dated January 7, 1918, and covers the period of three years from February 1, 1918. By these several contracts the plaintiff is employed by the defendants as manager of the raw, dressed and dyed skin department of defendants' business for the periods therein specified, at a stated compensation per week and a specified per cent of the net profits of that department. Provision is made for an accounting on the first of February in each year to determine the net profits or loss for the preceding year and the proportion of such profits, if any, to which plaintiff should be entitled. It is also provided that on such accounting, in computing the net profits, certain items by way of interest, rent, wages, expenses, and other items therein specified, shall be first charged and deducted. It is further provided that plaintiff shall not withdraw his share of the profits, so ascertained, until the termination of the agreement and that, if a loss is disclosed for any year, a specified per cent thereof shall be deducted from the total amount due plaintiff. The last of these contracts, that of January 7, 1918, provides that the amount of net profits, which shall be found to be due to the plaintiff on the accounting of February 1, 1918, shall remain as a loan by

plaintiff to the defendants, at a specified rate per cent of interest, to be withdrawn at the time and in the manner therein specified. These contracts differ slightly as to the amount of the weekly compensation and the per cent of profits which plaintiff is to receive and also in some other particulars not here material to be considered. It is not contended that these contracts create in any sense a copartnership. They are simple contracts of employment. The amount claimed in the first cause of action, under the first of said contracts, is $45,000; in the second cause of action, under the second contract, $89,000 is claimed; and, in the third cause of action, based upon the last of said contracts, $18,035.02 is claimed. And these several amounts are claimed to be due as profits under said agreements. The answer contains two defenses to the *first* cause of action. The first defense alleges an accounting on February 1, 1915, whereby a certain sum was found to be due the defendants from the plaintiff, payment of which was waived by the defendants and the plaintiff discharged from the obligation thereof, and that plaintiff accepted and received such waiver and discharge in full satisfaction of his claim for all services up to February 1, 1915. The *second* defense alleges substantially the same matter by way of express agreement of settlement and discharge. For a defense to the *second* cause of action, covering the period from February 1, 1915, to February 1, 1918, defendants allege that annual accountings were had for each of said years and that specified amounts found due the plaintiff on said accountings were duly paid by the defendants. The defense to the *third* cause of action sets forth accountings had on January 1, 1919, and January 1, 1920, and payment in full of the specified amounts found to be due to the plaintiff. The answer then alleges that a similar accounting was

had on January 1, 1921, upon which the sum of $15,823.72 was found to be due plaintiff on that date, and that before the commencement of this action said sum was duly tendered the plaintiff, together with interest, which the plaintiff refused, "and that defendants have ever since been ready and willing to pay plaintiff said sum but that plaintiff has hitherto refused to receive the same." The substantial allegations of the answer are denied in a reply duly served. The plaintiff claims that the above sum, less a proper deduction of $1,000, is admittedly due within the meaning of rule 114 and he therefore makes this motion for final judgment for the sum of $14,823.72.

The first question to be determined is whether the said sum is admitted to be due. Prior to this action on February 7, 1921, the defendants wrote to plaintiff the following letter: "We are herewith enclosing a check for the sum of $14,823.72. This amount together with the $1,000 that you owe B. Morsoff and which sum was charged to your account and credited to Morsoff's account makes up the total of $15,823.72, as per statement handed to you by the accountant, Mr. Freeman." The statement of Mr. Freeman, referred to in this letter, is entitled "*Statement of account of H. Apfelbaum for the year 1920,*" and shows a balance of $15,823.72. On February ninth plaintiff replied to the above letter, claiming that over $20,000 was due in addition to the said sum of $14,823.72, and declined to accept the check except on condition that the acceptance should be without prejudice to the rights of either of the parties. Subsequently the check was returned to the defendants. In an affidavit, verified November 7, 1921, Mr. Engel, one of the defendants, states that when he wrote the above letter of February seventh he was not offering the $14,823.72 as plaintiff's share of the profits for the year 1920,

Supreme Court, November, 1921.    [Vol. 117.

but was " offering that sum to cover all past claims, about which there already had been much discussion." And he further affirms " Our position always has been that on January 1, 1921, a full statement of all the profits during the years he has been with us showed that the amount we were then offering him was all that was *then* due him." I think that the statements in the above correspondence, the affidavit of Mr. Engel and the answer constitute a clear and unequivocal admission that said sum was due the plaintiff as his share of the profits under said contracts of employment.

The next question presented is whether the phraseology of rule 114 to the effect that a plaintiff may have final judgment " for so much of his claim as such defense does not apply to or as is admitted " confers jurisdiction to direct final judgment for an admitted balance of the character here involved. As I construe the admission, the balance in question represents the entire amount due plaintiff after a final adjustment of the rights and obligations of the parties which have accrued during the entire period of their relationship from February 1, 1910, to February 1, 1921. This balance is not capable of being segregated from the total earnings and assigned to any particular period of time. It does not represent profits arising from any definite and specific transaction, which may be separated from the mass. It cannot be said surely to grow out of either of the causes of action set forth in the complaint. It is a general balance, resulting from many business transactions in which large numbers of charges and credits were made during the entire period of plaintiff's employment. Does such an admitted balance fall within the purview of the rule? The words " such defense " in rule 114 plainly have reference to the

defense specified in the preceding rule 113. The two rules, therefore, must be read together. When so read, it seems apparent that the remedy afforded by rule 114 can be granted only in a case in which a summary judgment may be entered under rule 113. It is necessary, therefore, to determine if the present action is one of those specified in rule 113; for, if it be not, then this motion cannot be granted. These rules find their ultimate source in certain rules and orders of the English Judicature Acts, known as the " Rules of the Supreme Court, 1883." *Order 3, rule 6,* reads as follows: " In all actions where the plaintiff seeks only to recover a debt or liquidated demand in money payable by the defendant, with or without interest, arising (A.) upon a contract, express or implied (as, for instance, on a bill of exchange, promissory note, or cheque, or other simple contract debt); or (B.) on a bond or contract under seal for payment of a liquidated amount of money; or (C.) on a statute where the sum sought to be recovered is a fixed sum of money or in the nature of a debt other than a penalty; or (D.) on a guaranty, whether under seal or not, where the claim against the principal is in respect of a debt or liquidated demand only; or (E.) on a trust; or (F.) in actions for the recovery of land, with or without a claim for rent or mesne profits, by a landlord against a tenant whose term has expired or has been duly determined by notice to quit, or has become liable to forfeiture for non-payment of rent, or against persons claiming under such tenant; *the writ of summons may, at the option of the plaintiff, be specially indorsed with a statement of his claim, or of the remedy or relief to which he claims to be entitled."*

*Order 14, rule 1,* reads as follows: " Where the defendant appears to a writ of summons specially indorsed under *Order III, Rule 6,* the plaintiff may,

**10**

on affidavit made by himself, or by any other person who can swear positively to the facts, verifying the cause of action, and the amount claimed (if any), and stating that in his belief there is no defence to the action, apply to a Judge for liberty to enter final judgment for the amount so indorsed, together with interest, if any, or for the recovery of the land (with or without rent or mesne profits), as the case may be, and costs. The Judge may thereupon, unless the defendant by affidavit, by his own *viva voce* evidence, or otherwise shall satisfy him that he has a good defence to the action on the merits, or disclose such facts as may be deemed sufficient to entitle him to defend, make an order empowering the plaintiff to enter judgment accordingly.''

*Order 14, rule 4,* is as follows: '' If it appear that the defence set up by the defendant applies only to a part of the plaintiff's claim, *or that any part of his claim is admitted,* the plaintiff shall have judgment forthwith for such part of his claim as the defence does not apply to *or as is admitted,* subject to such terms, if any, as to suspending execution, or the payment of the amount levied or any part thereof into court by the sheriff, the taxation of costs, or otherwise, as the judge may think fit. And the defendant may be allowed to defend as to the residue of the plaintiff's claim.''

Under the English act, therefore, jurisdiction to enter summary judgment was confined to the class of cases enumerated in *order 3, rule 6,* where the summons might, at the option of the plaintiff, be specially endorsed; and a reading of that order discloses that a summons could be so endorsed in actions, among others, to recover a debt or liquidated demand in money arising upon a contract express or implied, including a simple contract debt. The language

employed is substantially identical with that adopted
in our rule 113. In considering the scope of *order 3,
rule 6,* the English courts have decided that anything
that could be sued for under the *indebitatus counts*
comes within the purview of the words " debt or liqui-
dated demand," and that these counts include actions
for " goods sold and delivered, goods bargained and
sold, work done, money lent, money paid, money
received, interest, and upon accounts stated." *Lagos
v. Grunwaldt,* L. R. (1910) 1 K. B. Div. 41, 48; *Work-
man, Clark & Co., Ltd.,* v. *Brazileño,* (1908) Id. 968;
*Pathé Frères Cinema, Ltd.,* v. *United Electric Thea-
tres,* (1914) 3 id. 1253. The *Lagos* case was an action
upon a *quantum meruit;* and the *Pathé* case was an
action to recover a balance alleged to be due for goods
sold and delivered and goods hired out, and involved
many items of small value. The *Workman* case was
for partial judgment for an instalment admittedly
due under a contract. It seems to me that under these
authorities the present action is embraced in the class
of cases specified in the English rules, which corre-
spond to our rules 113 and 114. The accountings pro-
vided for in the several agreements here involved are
in no sense accountings growing out of a fiduciary or
other relationship governing accountings in equity.
They rest in simple agreement. Their sole purpose
is to aid in determining the amount due plaintiff as
compensation for services rendered under contracts
of employment. Plaintiff has performed in full on
his part, the stipulated compensation is earned, and
the action is one to recover a debt due under an
express contract. The summons could have been spe-
cially endorsed under the English rule and the court
would have had jurisdiction to grant the summary
relief authorized under order 14, rule 1. Such, as I
read them is the purport of the decisions referred to.
Rule 113 of our Rules of Civil Practice provides for

a summary judgment, in the manner there indicated, " in an action to recover a debt or liquidated demand arising (1) on a contract, express or implied, sealed or not sealed." The class of cases here specified falls within the category of the first and principal class embraced in the English act. In accordance with the decisions of the English courts, as I read them, I am, therefore, of the opinion that this action is embraced within the scope of rule 113.

And now to return to the question whether the plaintiff is entitled to the relief he asks under rule 114. I think the answer must be in the affirmative. Assuming that every allegation contained in the separate defenses in the answer be proven to be true, there is still the unequivocal admission that on January 1, 1921, the defendants owed the plaintiff the sum of $14,823.72 as a balance upon the transactions constituting the subject matter of the action. The admission, in my opinion, subjects the defendants to the jurisdiction of the rule. I think the rule accomplishes a needed reform in the domain of the law. It may be drastic, even revolutionary, in the changes effected in our judicial procedure, but we should not overlook benefits conferred upon a creditor in the contemplation of a fancied hardship imposed upon the debtor. The purpose of the English rule, which finds its counterpart in our rule 113, was to enable a creditor speedily to obtain a judgment by preventing the interposition of unmeritorious defenses for purposes of delay. Statements to this effect may be found in the following cases: *Thompson* v. *Marshall,* 41 L. T. Rep. (N. S.) 720; *Lloyds Banking Co.* v. *Ogle,* 34 id. 584; *Jones* v. *Stone,* 70 id. 174. Thus, in the case of *Jones* v. *Stone,* the court said: " The proceeding established by that order (Order 14) is a peculiar proceeding, intended only to apply to cases where there can be no

reasonable doubt that a plaintiff is entitled to judgment, and where, therefore, it is inexpedient to allow a defendant to defend for mere purposes of delay."

If the purpose of rule 113, and the corresponding English rule, is to aid a creditor in the speedy acquisition of a judgment for an entire claim, against which the debtor has no meritorious defense, then, by parity of reasoning, the law should also aid the creditor in obtaining a judgment for a part of that claim, admittedly due and undefendable. This purpose is accomplished by rule 114. The same moral obligation rests upon the debtor to pay the part as to pay the whole, and a failure to meet the obligation justifies a judgment equally in the one case as in the other. No hardship is imposed by compelling a debtor to presently pay what he presently owes. Why should a debtor be absolved from the present payment of what he admits to be due because the creditor, acting within his legal rights, asserts that he owes more? Why should a creditor be denied a judgment for an admitted amount because the debtor says in effect " you have not yet proven that I owe more than I admit to be now due." Moreover, a judgment for the amount of an entire claim, obtained after a protracted litigation, is frequently valueless because of the then financial irresponsibility of the debtor; whereas, a judgment for the admitted part of the claim may be presently collectible. Possibly these and similar considerations have found expression in the rule. I think the application should be granted. The English decisions seem to me to point the way. *Dennis* v. *Seymour,* 42 L. T. R. 31; *Parker* v. *Guinness,* 27 T. L. Rep. 129; *Purkiss* v. *Low,* 3 id. 63, 64; *Blumberg* v. *McCormick,* (1915) 2 Ir. Rep. 402. One further consideration may be noted: The relief afforded by rule 114 is to be granted " on such terms as may be just." The English rule

(order 14, rule 4), above quoted in full, specifies the terms, that is to say, "the plaintiff shall have judgment forthwith for such part of his claim as the defence does not apply to *or as is admitted,* subject to such terms, if any, as to suspending execution, or the payment of the amount levied or any part thereof into court by the sheriff, the taxation of costs, or otherwise, as the judge may think fit. And the defendant may be allowed to defend as to the residue of the plaintiff's claim." The framers of rule 114 evidently intended to broaden its scope in this respect, by omitting specifications leaving it to the court in all instances to provide such terms as the justice of the case required. In the English cases the most frequently applied terms have been the direction to pay the admitted amount due into court as a condition of permitting the defendant to defend as to the residue. The parties may be heard on the question of terms on the settlement of the order.

Ordered accordingly.