NATHAN LYONS, INC., Respondent, *v.* SAM S. & LEE SHUBERT, INC., Appellant.

Supreme Court, Appellate Term, First Department. November Term — Filed December, 1922.

**Practice — pleading — when action cannot be severed — Civil Practice Act, § 476 — Rules of Civil Practice, rule 114.**

Plaintiff sued upon a *quantum meruit.* The answer denied the allegations of the complaint and alleged an express agreement for a specified amount. The lower court granted plaintiff's motion for a severance of the action and judgment against defendant for the amount specified in the answer. *Held,* error; that defendant's answer was not an admission of part of the cause of action pleaded as prescribed by section 476 of the Civil Practice Act and by rule 114 of the Rules of Civil Practice. Order reversed and motion denied.

APPEAL by defendant from an order of the City Court of the city of New York granting plaintiff's motion for a severance of the action and for judgment against the defendant for $500.

*William Klein* (*Milton R. Weinberger,* of counsel), for appellant.

*Charles Goldstein* (*Harry Dimin,* of counsel), for respondent.

BIJUR, J.  The motion was made under section 476 of the Civil Practice Act and rule 114 of the Rules of Civil Practice.  The complaint is upon a *quantum meruit* for work done and materials furnished to the reasonable value of $1,340.05.  The answer denies the allegations of the complaint and sets up that the work was done pursuant to an express agreement whereunder defendant promised to pay plaintiff $500 for the entire job.

The order appealed from directs that " the action be severed and proceed as to the issue of whether the transaction between the parties was in contract or in *quantum meruit* and the balance due plaintiff, if any."  In my opinion there can be no such severance of this action.  The answer of the defendant is not an admission *of part* of the cause of action pleaded as prescribed by section 476 of the Civil Practice Act and rule 114 respectively.  If the defense be proved, plaintiff's cause of action, as he chose to plead it, would be completely disposed of.  *Rubin* v. *Cohen,* 129 App. Div. 395.  The fact that the defense contains an implied admission of some liability upon a different cause of action is immaterial to the instant case.  Surely the payment of $500 directed by the order appealed from would not be *on account* of the liability claimed by the plaintiff.  On the contrary, the order expressly directs that after the severance the trial proceed in order to determine whether the plaintiff can establish the only cause of action which he pleads.  While it may be that no particular harm would be done in the instant case, we cannot afford to set a precedent under which judgment could be entered against a defendant for an amount incidentally admitted to be due upon some cause of action in a suit based on an altogether different cause of action for an altogether different amount.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

GUY and DELEHANTY, JJ., concur.

Order reversed.