## PARTHENIA CORPORATION v. MORSE.

District Court, S. D. New York.
March 25, 1930.

Cooper & Cooper, of New York City (Morris Cooper, Jr., of New York City, of counsel), for libelant.

Bigham, Englar, Jones & Houston, of New York City (Charles F. Quantrell, of New York City, of counsel), for respondent.

COXE, District Judge.

To construe Admiralty Rule 29 as narrowly as contended for by the respondent would so limit its application as to make it practically ineffective. The rule provides that when "the answer does not deny that the libelant is entitled to recover in respect of a part of the claim," and there is no "recoupment, offset or counterclaim," there may be "a final decree for any sum so admitted to be due."

I think the answer in this case is within the rule.

The libel is for $19,474.65 for an alleged balance for charter hire, demurrage and repair charges, under a written charter party. The answer admits that the vessel was chartered at the rates shown in the libel; denies that the charter party was in writing; and alleges affirmatively that it was oral, and contained some provisions different from those of the written document. It concludes with allegations that, prior to suit, the respondent tendered $3,222.06 representing the "balance of said charter hire" less deductions "for advances made by respondent for the account of the libelant"; and that "the respondent has ever since remained ready and willing to pay to libelant the said sum of $3,222.06." Thus, of the $5,562.41 claimed by the libelant for charter hire, the respondent admits that $3,222.06 is due over and above all offsets and counterclaims. And it is not disputed that there was a charter calling for charter hire of $16,500, although it is insisted that the agreement was oral. But, concededly, there was an agreement, no matter what outward form it took, and the rule is not to be defeated because of the controversy as to whether the agreement was in writing or oral.

It is urged, also, that to allow a severance with respect to the admitted amount would cause a splitting of the action into different claims, which is not permissible under such authorities as Redondo v. Archibald McNeil (C. C. A.) 16 F.(2d) 462, and Mercantile v. Flower (C. C. A.) 10 F.(2d) 705. I think it is a sufficient answer to this contention that there is no splitting of the cause of action in this suit. Nor can I see any practical reason why the libelant should not receive what is concededly due, leaving the balance to be adjudicated in the subsequent proceedings. Surely, the libelant cannot fail to recover at least $3,222.06, and the argument that the libelant will thereby receive money which it may later be asked to surrender is not tenable. The cases of Heppes-Nelson v. Lewis (D. C.) 269 F. 63, and Lyons v. Shubert, 119 Misc. Rep. 695, 197 N. Y. S. 253, are not similar in their facts and cannot be accepted as authority on the point urged by the respondent.

The motion is granted.