JOHN J. SHEEHAN, Respondent, *v.* ANDREW CONE GENERAL ADVERTISING AGENCY, INC., Appellant.

Supreme Court, Appellate Term, First Department, June 30, 1941.

*Leslie J. Tomkins* [*Samuel Shapiro* of counsel], for the appellant.

*Leonard J. Reich* [*Herbert A. Einhorn* and *Solomon Surowitz* of counsel], for the respondent.

SHIENTAG, J. The plaintiff sued the defendant, his employer, to recover a sum representing the balance of commissions allegedly earned by him pursuant to an express contract of employment. The complaint and the moving affidavit state that by the terms of this contract the defendant agreed that after January 1, 1939, the defendant was to pay the plaintiff commissions at the rate of seven and one-half per cent on advertising contracts obtained by

the plaintiff, and that the plaintiff was released from any obligation to repay the defendant for any overdrafts drawn by the plaintiff on the defendant prior to January 1, 1939.   On the basis of these terms the plaintiff claims that he is entitled to $2,374.55.

The answer denies all of the material allegations of the complaint. However, in what the defendant terms a " Partial Defense," the answer admits that the defendant was the plaintiff's employer and that the parties had an express agreement covering the terms of the employment from January 1, 1939   But the defendant in its partial defense disputes certain terms of the employment contract, as alleged by the plaintiff.   Although there is substantial agreement on the total gross business produced by the plaintiff during the period in suit, the defendant alleges that the plaintiff expressly agreed to repay his overdrafts drawn on the defendant prior to January 1, 1939, and also that the rate of plaintiff's commission was to be seven and one-half per cent on all gross business produced by the plaintiff except that on one specific account it was to be only five per cent.   The defendant's answer unqualifiedly states that pursuant to the terms of the contract as it claims them to have been there is " a balance of $487.56 to the credit of said plaintiff, and the defendant hereby admits its indebtedness to said plaintiff in said amount and herewith tenders said amount to said plaintiff." The defendant's affidavit in opposition to the plaintiff's motion contains a similar admission.   It was on the basis of these admissions that the lower court granted plaintiff's motion for partial summary judgment in the sum of $487.56.

Rule 114 of the Rules of Civil Practice dealing with partial summary judgment provides that " If it appear that such defense applies only to part of plaintiff's claim, or that any part be admitted, the plaintiff may have final judgment forthwith for so much of his claim as such defense does not apply to or as is admitted, on such terms as may be just, and the action may be severed."

The defendant argues that it has not admitted any part of the plaintiff's cause of action, and that its admission was made solely on the basis of the contract set forth in its answer, which contract is different from that alleged in the complaint.   The defendant urges that because it has not admitted any portion of the cause of action pleaded by the plaintiff, there are issues of fact which bar the granting of plaintiff's motion.

In support of its position the defendant cites the case of *Lyons, Inc.*, v. *Shubert, Inc.* (119 Misc. 694).   In that case this court denied the plaintiff's motion for partial summary judgment, where the plaintiff brought an action in *quantum meruit* while the defendant alleged an express agreement for less than the amount sued for

under which express agreement the defendant admitted liability. This court stressed the fact that the defense contained " an implied admission of some liability upon a different cause of action " from that alleged in the complaint.

It would. be sufficient to point out that there is a distinction between the case just cited and the instant case because here both parties claim the existence of an express contract, based upon the same transaction, and they agree as to some of its terms but differ as to others. Here there is an unqualified admission of part of the plaintiff's claim based upon an express contract. But we believe that is too narrow a distinction and hold that, in the light of the amendments to summary judgment rules and the liberal construction thereof by the courts since the case of *Lyons, Inc.,* v. *Shubert, Inc.* (*supra*) was decided, that decision is no longer applicable.

It is significant that while rule 113 of the Rules of Civil Practice, providing for complete summary judgment, requires that it be given in accordance with the cause of action alleged in the complaint, rule 114, dealing with partial summary judgment, makes no reference to the cause of action but applies where any part of the plaintiff's claim is admitted. Plaintiff's claim is the transaction on which he sues.

This distinction is no mere inadvertence. It has a definite purpose; because if partial summary judgment is limited to a situation where part of the plaintiff's precise cause of action is admitted, rule 114 would never apply where a single cause of action is alleged in the complaint and the rule would in large measure be rendered ineffective. That is why rule 114 refers to an admission of part of the plaintiff's claim as distinct from an admission of part of the cause of action alleged in the complaint.

We hold, therefore, that rule 114 of the Rules of Civil Practice permits the entry of partial summary judgment where there is an unqualified admission that there is due to the plaintiff a precise sum, less than the amount sued for, upon the same transaction forming the basis of the plaintiff's claim, although the admission of liability is predicated upon a cause of action different from that alleged in the complaint, or upon different terms concerning the same type of action. (*Parthenia Corp.* v. *Morse,* 41 F. [2d] 961.) Under such circumstances there is no reason why the " debtor [should] be absolved from the present payment of what he admits to be due because the creditor, acting within his legal rights, asserts that he owes more." (*Appelbaum* v. *Gross,* 117 Misc. 140, 149; affd., 200 App. Div. 914.)

The creditor, in a situation such as is here presented, should have immediate judgment for the amount concededly due him and the

action severed and otherwise tried in accordance with the issues raised by the pleadings. The defendant is in no way prejudiced, for he will have a full trial on the issues which are in dispute, namely, on the terms of the contract entered into between the parties.

The result here reached would be the same under section 476 of the Civil Practice Act.

Judgment and order affirmed, with costs.

MILLER, J., concurs; HAMMER, J., concurs in the result.