NOAH FLEDER, Respondent, *v.* MAX M. ITKIN, Doing Business under the Name of MADE-RITE CURTAIN Co., Appellant.

Argued January 3, 1945; decided March 1, 1945.

78

*Arthur S. Rappaport* for appellant. I. The defense that the action has been prematurely brought is established. (*Kane Realty Co., Inc.,* v. *Nat. Children's Stores, Inc.,* 169 Misc. 699; *Jaeger* v. *Canter,* 13 N. Y. S. 2d 414.) II. The order granting partial summary judgment to the respondent should be reversed,

the judgment entered thereon set aside, and the order denying appellant's cross motion to dismiss the complaint reversed. (*Barrett* v. *Jacobs*, 255 N. Y. 520.) III. The doctrine of anticipatory breach is inapplicable. (*Nichols* v. *S. S. Co.*, 137 N. Y. 471; *Indian River Islands Corp.* v. *Manufacturers Trust Co.*, 253 App. Div. 549; *Werner* v. *Werner No. 3*, 169 App. Div. 9.)

*Seymour Georges Mackler* and *Harvey Kay Mackler,* for respondent. I. The claim that the action is prematurely brought, fails to meet the issues. (*Ferris* v. *Spooner, etc.,* 102 N. Y. 10; *Windmuller* v. *Pope,* 107 N. Y. 674; *Wester* v. *Casein Co. of America,* 206 N. Y. 506; *State Street Trust Co.* v. *Ernst,* 278 N. Y. 104.) II. Plaintiff is entitled to partial summary judgment for the amount concededly due him. (*Apfelbaum* v. *Gross,* 117 Misc. 140, 200 App. Div. 914; *Goodman* v. *Goulard & Olena, Inc.,* 145 Misc. 380; *International Milk Co., Inc.,* v. *Cohen,* 219 App. Div. 308; *Forsythe* v. *United States Fidelity & Guaranty Co.,* 130 Misc. 569; *Tatum* v. *Maloney,* 226 App. Div. 62; *Reliable Loan & Investment Co.* v. *Delgus Co., Inc.,* 223 App. Div. 94; *Dairymen's League Co-operative Assn., Inc.,* v. *Egli,* 228 App. Div. 164; *Sheehan* v. *Cone General Advertising Agency, Inc.,* 176 Misc. 882; *Mayfair Detectives, Inc.,* v. *Karp Metal Products Co.,* 264 App. Div. 410.) III. The doctrine of anticipatory breach is applicable and the action has not been brought prematurely. (*Masconi* v. *Miller, Inc.,* 261 N. Y. 1; *State Street Trust Co.* v. *Ernst,* 278 N. Y. 104; *Nichols* v. *S. S. Co.,* 137 N. Y. 471; *Ferris* v. *Spooner, etc.,* 102 N. Y. 10.)

LEHMAN, Ch. J. The plaintiff was employed by the defendant as a salesman under a written contract dated January 9, 1943, which provided, among other things, that the agreement should be in effect for one year from its date, that the plaintiff should have a drawing account of forty dollars per week and should be entitled to one half of the net profit of the business as shown on the certificate of a semi-annual audit subscribed by a certified public accountant, to be " nominated " by the defendant. The measure to be used by the accountant in determining the " net " profit was fixed by the contract, and the parties provided " that the audit of the said certified public accountant subscribed in his hand shall be accepted as conclusive evidence of the net profit or the net losses, as the case may be."

On February 24, 1944, after the contract of employment had expired, the plaintiff commenced this action against the defendant for damages in the sum of $10,000, which, he alleged, had been caused by breach of the contract by the defendant. In his complaint the plaintiff alleged that the defendant had failed " to operate the said business in its normal and usual course " and had " omitted to make shipments and fill orders * * * so that the profit upon the said sales would not accrue within the term of the said agreement." He alleged in the complaint also that the defendant had failed " to cause an ascertainment and determination of net profit to be made by a certified public accountant, pursuant to the terms of the said agreement, but has informed the plaintiff that a certain alleged audit has been made, which the defendant has refused to furnish to the plaintiff, although permitting the plaintiff to examine and copy ". The plaintiff admits in the complaint that " the defendant has paid to the plaintiff a drawing account as agreed upon " and has paid the sum of $5000 on account of the share of the net profit of the business to which the plaintiff is entitled.

The defendant in his amended answer denied the breach of contract alleged in the complaint and pleaded two affirmative defenses. In the first defense he alleged that on January 10, 1944, before the net profit of the business had been ascertained and determined, the plaintiff, by an instrument in writing annexed to the answer, accepted from the defendant the sum of $4,000 on account of his share of the profits of the business and " agreed to accept the balance thereof, if any, within forty days after an ascertainment and determination of the balance due him shall have been made in the manner and form set forth therein." That " an ascertainment and determination " of the balance was made on February 14, 1944, and that the action commenced on February 24th, less than forty days thereafter, was prematurely brought. In the second affirmative defense the defendant repeated the allegations of the first defense and alleged in addition that the net profit of the business ascertained by an audit made by a certified accountant showed " a balance of $2854.30 owing from defendant to plaintiff "; that on March 22, 1944, " the defendant duly tendered to the plaintiff * * * the sum of $2854.30 less the Withhold-

ing Tax on said sum amounting to $570.86 leaving a balance of $2283.44 together with the sum of $17.00 as and for the costs of this action." making a total of $2,300.44, and that on March 24, 1944, defendant paid and deposited the sum of $2,300.44, inclusive of costs, into court.

The plaintiff then moved, pursuant to rule 114 of the Rules of Civil Practice, for a partial summary judgment in the sum of $2,283.44. The defendant made a cross motion pursuant to rule 113 for judgment dismissing the complaint. The plaintiff's motion was granted and the defendant's cross motion denied. The Appellate Division affirmed the order of Special Term, granting partial summary judgment and severing the action in respect to the balance of the plaintiff's claim, one justice dissenting, and the defendant has appealed from the judgment entered upon the order of the Appellate Division, and seeks to bring up for review the order denying his cross motion.

Payment of money into court by a defendant after the commencement of an action was said by Blackstone to be a " species " of confession of one part of the complaint. " If, after the money is paid in, the plaintiff proceeds in his suit, it is at his own peril: for if he does not prove more due than is so paid into court, he shall be non-suited and pay the defendant costs; but he shall still have the money so paid in; for that the defendant has acknowledged to be his due." (3 Blackstone, p. 304.) The common-law rule was codified in the Revised Statutes and in turn in the Code of Civil Procedure. This court has said that the " effect under the statutes, as now under the Code, has always been considered to be that the plaintiff recovers in any event the amount of the tender. Judge BRADLEY, at General Term, in the case of *Wilson* v. *Doran* (39 Hun, 90), collected the authorities in the English reports and in this state, and has there reviewed them." (*Taylor* v. *B. E. R. R. Co.,* 119 N. Y. 561, 565.) The court there held that " the moneys belonged to the plaintiff from the moment of their deposit, by force of their payment into court ".

The effect of a tender and payment into court was, however, changed when the Code of Civil Procedure was superseded by the Civil Practice Act. " If the plaintiff accept a tender, it shall be deemed in satisfaction of the cause of action in respect

of which the tender was made, and the defendant may move for a judgment dismissing the complaint, without costs. Where money constituting a tender shall have been paid into court and not accepted, 1. If the defendant recover judgment, the money shall be paid to him; 2. If the plaintiff recover judgment, the money shall be applied upon his judgment, and the surplus, if any, paid to the defendant; 3. If the plaintiff's judgment * * * is not in excess of the tender * * * the plaintiff cannot recover costs or·interest from the time of the tender, but must pay the defendant's costs from that time * * *." (Civil Prac. Act, § 173.) The reviser's notes explaining the reason for the suggested change state that under the older rule " in case the plaintiff accepts the defendant's tender, he can proceed with the action nevertheless. Resort therefore to these provisions is rare." To encourage more general use of the right to pay money into court the practice in New York was, in the Civil Practice Act, assimilated to the practice in New Jersey, as provided in the New Jersey Practice Act of 1912 and the Supreme Court Rules, annexed by the Legislature to that act, under which a tender of moneys by a defendant kept good by payment into court is little more than an offer to buy peace, which, if accepted, satisfies the plaintiff's cause of action but which, if· not accepted, is not a confession that the amount tendered is due upon the cause of action pleaded.

The plaintiff's motion for partial summary judgment is not an acceptance of the tender, and is made subject to an implied reservation of the right to proceed with the prosecution of the cause of action for the remainder of his claim. The plaintiff's application for partial judgment pursuant to rule 114 of the Rules of Civil Procedure must be supported by proof that part of plaintiff's claim is admitted. The tender and payment of the money into court does not itself furnish such proof since, under the Civil Practice Act, the defendant still has the right to defend·the action and the money paid into court can be applied upon the plaintiff's claim only if the defendant is unsuccessful in his defense. At common law, as under the Code, a tender followed by payment into court was more than a purchase of peace — it was " an admission of liability upon the cause of action alleged to the extent of the amount so paid in." (*Wilson* v. *Doran,* 39 Hun 88, 90, 91.) See

authorities collected in the opinion of Bradley, J., in that case. See also opinion of this court (110 N. Y. 101) in the same case. The rules of the Supreme Court in New Jersey expressly provided: " Payment into court by defendant upon plaintiff's claim, shall be an admission of the cause of action in respect to which it is made; but not so, if the answer denies the cause of action." (Rule 42.) The same rule that payment into court is not an admission of the plaintiff's cause of action, at least if the answer denies the plaintiff's asserted right to recover, is implicit in the provisions of the Civil Practice Act of this State. Otherwise the purpose of the Legislature to encourage resort to the provisions of the act would be thwarted. Only where, in court or out of court, a defendant admits *without qualification* a part of the plaintiff's claim and it appears that there is no real dispute in regard to any fact affecting the plaintiff's right to enforce that part of his claim, may the plaintiff " have final judgment forthwith " for the part of the claim which is admitted.

In this case it appears, not only from the pleadings but also from the affidavits submitted in support of the motion and from those submitted in opposition, that the defendant admitted at the time of his tender that the amount tendered was *then* due to the plaintiff and that the defendant still admits so much of the plaintiff's claim but contends that no part of the plaintiff's claim was due *when the action was commenced.* The pleaded defense that the action was prematurely commenced applies to the part of the plaintiff's claim which the defendant admits as well as to the part of the plaintiff's cause of action which has been severed from the admitted claim. It constitutes a denial of the plaintiff's right to recover upon that cause of action. Whether or not that defense can be established must await trial. The serious question presented upon this appeal is whether the plaintiff may, pursuant to rule 114, have judgment forthwith for the part of the claim which is admitted, though the validity of defendant's challenge of the plaintiff's right to recover upon the cause of action pleaded cannot be summarily determined.

In *Appelbaum* v. *Gross* (117 Misc. 140, 144, affd. 200 App. Div. 914), the court held, soon after rule 114 was adopted, that partial summary judgment might be granted pursuant to the new rule

upon the admission of the defendant that a part of the amount claimed by the plaintiff was due though "it cannot be said surely to grow out of either of the causes of action set forth in the complaint." More recently the scope of rule 114 was considered and discussed by Mr. Justice SHIENTAG in the case of *Sheehan* v. *Cone General Advertising Agency, Inc.* (176 Misc. 882, 884). Pointing out the significance of the fact that " while rule 113 of the Rules of Civil Practice, providing for complete summary judgment, requires that it be given in accordance with the cause of action alleged in the complaint, rule 114, dealing with partial summary judgment, makes no reference to the cause of action but applies where any part of the plaintiff's claim is admitted ", Mr. Justice SHIENTAG said that " plaintiff's claim is the transaction on which he sues." The court held " therefore, that rule 114 of the Rules of Civil Practice permits the entry of partial summary judgment where there is an unqualified admission that there is due to the plaintiff a precise sum, less than the amount sued for, upon the same transaction forming the basis of the plaintiff's claim, although the admission of liability is predicated upon a cause of action different from that alleged in the complaint, or upon different terms concerning the same type of action." (See, also, to the same effect, *Parthenia Corp.* v. *Morse*, 41 F. 2d 961.)

We agree with the construction placed upon rule 114 by Mr. Justice SHIENTAG. It permits a plaintiff to recover judgment " forthwith " where a defendant admits that he has no defense on the merits to a part of the plaintiff's claim though he may have a defense which might enable him to defeat recovery upon the cause of action pleaded and to delay recovery of judgment even for the part of the claim which defendant is, admittedly, in duty bound to pay immediately. The defendant can suffer no injustice by the entry of such a partial judgment. Though the plaintiff has not accepted the tender of the amount admittedly due to him he has recovered a partial judgment for the amount so tendered upon the defendant's unqualified admission that there is due to the plaintiff that precise sum and after satisfaction of that partial judgment he can, of course, no longer accept tender of the same sum. Under the circumstances of this case the defendant, upon proof of satisfaction of the judgment, can, therefore, apply to the Supreme Court for permission to

withdraw the amount paid into court except the costs of the action up to the time of the tender. If the defendant thereafter in the severed action sustains his defense that the action is prematurely brought and the plaintiff fails to recover judgment upon the cause of action pleaded, the defendant will be entitled to costs and to the return of moneys paid into court for costs while the plaintiff will have what is concededly due him and no more.

The judgment should be affirmed, with costs.

LOUGHRAN, LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Judgment affirmed.