Mario Pittoni, J.
The plaintiff’s motion for partial summary judgment is granted.
This is an action for $17,825 on nine unpaid promissory notes. The defendants admit the making and delivery of the notes to the plaintiff and the receipt of value therefor. However, they allege as a defense that the notes were indorsed by Emil J. Bejsovic, who was a director of the plaintiff bank at the time, and that they had to pay him 10% for each loan and 5% for each extension or renewal thereof from the proceeds of the notes after the same were discounted by the plaintiff bank. The defendants’ affidavit states that certain of the bank employees and agents had knowledge of the payments.
On the proof submitted there is no issue concerning the making and delivery of notes to the plaintiff and the receipt of value therefor. Even if there were usury, as a matter of law the plaintiff is entitled to recover the principal amount of the moneys loaned (Amalgamated Bank of New York v. Lancto, 176 Misc. 754 [App. Term, 1st Dept.]). It should have partial *271 summary judgment for this amount. There can he partial summary judgment for the plaintiff even though the complaint states hut one cause of action (Fleder v. Itkin, 294 N. Y. 77; Sheehan v. Cone Gen. Adv. Agency, 176 Misc. 882 [App. Term, 1st Dept.]).
As to whether there was usury which would prevent recovery of interest by the plaintiff, it appears that the defendant husband’s affidavit raises triable issues of fact as to whether the plaintiff was aware of the payments made to Bejsovic and co-operated. It may well be that a trial will show that the plaintiff conspired with Bejsovic in regard to these payments. In Guardian Mut. Life Ins. Co. v. Kashaw (66 N. Y. 544, 547) the court said, “ the burden was upon the defence to establish that the company was a party to the agreement for the bonus or accepted the benefit of it ’ ’. This court cannot hold as a matter of law that the plaintiff bank did not know, consent to and aid Bejsovic in procuring the payments. Summary judgment may not be granted ‘ ‘ whenever there is doubt as to the existence of a triable issue or for that matter even when its existence is arguable, since 1 issue-finding, rather than issue determination, is the key to the procedure ’ ”. (Falk v. Goodman, 7 N Y 2d 87, 91.) Settle order on notice.