NATIONAL COMMITTEE ON THE OBSERVANCE OF MOTHER's DAY, INC., Plaintiff, *v.* KIRBY, BLOCK & Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, May 10, 1962.

*Weil, Gotshal & Manges* (*Edward C. Wallace* and *Michael K. Stanton* of counsel), for defendants. *Lowenstein, Pitcher, Hotchkiss, Amann & Parr* (*Robert S. Newman* of counsel), for plaintiff.

IRVING H. SAYPOL, J. Defendants move pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice for dismissal of the first cause of action and the plaintiff cross-moves for partial judgment pursuant to rules 113 and 114 on the second and third causes of action.

It is alleged in the complaint that the defendants undertook to act on behalf of the plaintiff under a 10-year contract dated May 8, 1951, which designated the defendant Kirby, Block & Co., Inc., etc., as plaintiff's exclusive advertising agency and trade promotion counsellors and service bureau.

Under the contract all activities of the agents contemplated thereunder were to be conducted solely under the name of the Trade Promotion Division of the National Committee on the Observance of Mother's Day, Inc., incidental stationery used by the agents required the approval in writing by the plaintiff's

chairman, and defendants' related telephone directory listing was under the name of the plaintiff, Trade Promotion Division. Compensation of the defendants-agents was stated as the collections from prescribed activities after deduction and payment therefrom of stated percentages to the plaintiff, viz. 5% up to $10,000 of such sales, 10% of sales over $10,000 up to $16,000 and 15% of sales in excess of $16,000. The defendants agreed that they would not in any way participate in competitive activities, except as provided in the agreement.

By the first cause plaintiff seeks an accounting in equity for the whole 10-year period. The defendant contends that there is no basis for an action in equity, that the relationship is contractual with no element of trust or fiduciary obligation and the plaintiff has an adequate remedy at law. The plaintiff's contention is substantially that defendants became its alter ego and this seems supported by the provision in their contract regarding all operations by the defendants in the plaintiff's name including the rider to their contract dealing with bank deposits of proceeds in plaintiff's name in bank accounts. For the purpose of pleading and of this motion, it is deemed that plaintiff has a right to maintain the first cause of action in equity upon the claimed basis that the contemplated activities in the plaintiff's name as its Trade Promotion Division constitutes the use of a property entrusted to the defendants and that accordingly, at this stage, a right to an accounting ensues. It may well be that after pretrial procedures are completed, a further basis may be established to rebut the existence of the necessary showing of a trust or fiduciary relationship, in which event the defendants may proceed as they are advised.

By the second cause of action at law, plaintiff seeks to recover the sum of $13,869.03 which it claims is admittedly due. There is no dispute concerning that sum. The defendants have pleaded a separate defense to the second cause of action in which it is alleged that its commencement is premature since as required by the contract a mutually agreeable certified public accountant has not certified the amount of the proceeds of sale for the Mother's Day campaign of 1961, and the defendants have not received such certification, suggested as conditions precedent but not performed, and accordingly there is no sum due to the plaintiff. Pursuant to rule 114, a plaintiff may recover partial summary judgment in the event any portion of his claim is admittedly due (*Fleder* v. *Itkin*, 294 N. Y. 77; *Appelbaum* v. *Gross*, 117 Misc. 140, affd. 200 App. Div. 914). If so, it is not necessary that the plaintiff first establish the elements of the cause of action as pleaded if the claim, the subject of the motion

for partial judgment is admittedly due and this is so because rule 114 refers to " part of plaintiff's claim ". Prior to March 1, 1959, the effective date of the present rule 113, the right of a plaintiff to summary judgment rested upon proof of the allegations of the plaintiff's complaint and the cause of action therein stated. By the amended rule, summary judgment is now available to a plaintiff if upon all the papers and proof submitted the action or claim is established sufficiently to warrant the court as a matter of law in directing judgment. Since the claim, subject of the second cause of action, is admittedly due despite any of the provisions of the contract on which the defendants urge that the second cause of action is premature, there is no obstacle to an award of judgment on the second cause of action pursuant to rule 113, less 15% of $1,408.36, a sum refunded to a customer.

By the third cause of action, plaintiff seeks the recovery of a sum which it claims is admittedly due with respect to sales made by the defendants of a separate item known as " Mother's Day Loving Cup ". The amount is not admitted. There is contention that this item is not within the contract and again that the third cause of action has been prematurely commenced. Enough is shown to require trial.

Defendants' motion for dismissal of the first cause of action is denied, and the plaintiff's cross motion for summary judgment pursuant to rules 113 and 114 is granted as to the second cause of action and it is denied as to the third cause of action.