OPINION OF THE COURT
Harold Baer, Jr., J.
Motions numbers 84 and 135 on the calendar of June 16, 1983 are consolidated for purposes of disposition.
Defendants move pursuant to CPLR 3211 (subd [a], par 7) for dismissal of all three causes of action as alleged in the complaint.
The plaintiff alleges that in 1972 it undertook to act as “the independent United States sales agent for footwear products manufactured by or for” defendant CITC Industries, Inc. (CITC), or its affiliated entities (the 1972 Agreement).
In 1981, plaintiff entered into a series of letter agreements with CITC and MCF Footwear Corporation (MCF). Under these letter agreements and the 1972 Agreement, plaintiff’s compensation for its services was to be the net proceeds from the sale of CITC’s footwear, after deducting from the payments received from customers the FOB purchase price, customs duties, defendants’ stated commissions and other direct costs. Defendant Mitsubishi Interna *586 tional Corporation (MIC), as CITC’s agent, and later MCF, received all of the payments from orders solicited by plaintiff and distributed the proceeds after the costs were paid, for which they were compensated by a 6% commission.
By the complaint, plaintiff seeks an accounting in equity for a determination of net sales from 1981 onward (first cause of action) and a full accounting of all customs duties paid by and refunded to the defendants (second and third causes of action). Defendants contend that there is no basis for an action in equity; that the relationship between the parties, if any, is contractual with no fiduciary obligation between or among them.
The plaintiff’s position in opposition to the motion to dismiss is that the fiduciary relationship between Sanshoe Trading Corp. and the defendants arises out of “a joint. enterprise to import footwear into the United States.”
On a motion to dismiss the complaint for failure to state a cause of action, the inquiry is limited to whether the complaint, liberally construed, “ ‘states in some recognizable form any cause of action known to our law’ ”. (Foley v D'Agostino, 21 AD2d 60, 65.) Applying this standard, the facts alleged in the complaint give rise to a cause of action for breach of contract or possibly for fraud, but fail to meet the stringent tests laid down for an accounting.
In Grossman v Laurence Handprints (90 AD2d 95, 104-105), the essentials for an accounting were stated as follows: “The right to an accounting rests upon a trust or fiduciary relationship and a duty upon the part of the defendant to account, or, under a joint venture agreement whereby the seller is to participate in losses as well as profits * * * or, where special circumstances are present warranting equitable relief in the interest of justice”.
The complaint and the 1972 Agreement describe plaintiff as CITC’s independent sales agent in the United States. National Committee on Observance of Mother's Day v Kirby, Block & Co. (17 AD2d 390) is in many respects similar to the case at bar. There, the defendants supplied promotional literature, sales aids and novelties to retailers. Under a contract, defendants agreed to act, using plaintiff’s name, as plaintiff’s exclusive advertising agency and trade promotion counselors. Defendants were *587 compensated on a sliding scale of percentages, depending on the amount of business done. The percentages accruing to the plaintiff varied between 5 and 15% of sales. The complaint alleged three causes of action, one of which was for an accounting claiming that the defendants concealed the amount of proceeds collected from sales. Defendants’ motion to dismiss the cause of action for an accounting was denied at Special Term. The court found that allegations charging the defendants with the misuse of property entrusted to them were sufficient. (35 Misc 2d 66.) On appeal, the court modified that order and granted the motion to dismiss, stating: “It is * * * apparent from the contract that this was not a joint venture. At most it can be said that the parties shared an interest in the amount of sales the defendants would be able to effect. Nor is there any claim that an agency is involved. While to the customers with whom defendants dealt such might well have appeared to be their relationship, the contract makes clear that this was not the case, nor is it so asserted by plaintiff. The specific ground referred to by Special Term is that defendants held property for plaintiff. Actually, as appears from the above, no property of plaintiff was ever in defendants’ hands. What defendants received was the proceeds from the sales of their own goods, a part of which proceeds, when ascertained, they would owe to plaintiff * * * As the complaint shows no ground for equitable relief, a motion to dismiss on that ground before answer should have been granted”. (17 AD2d, at pp 391-392.) The National Committee case was cited with approval in Waldman v Englishtown Sportswear (92 AD2d 833, 835).
The complaint in the instant case fails to plead facts which would constitute either a partnership, joint venture or other fiduciary relationship. The mere fact' that the proceeds from the sale of the footwear were collected and were to .be distributed by the defendants and that the plaintiff is unaware of the exact amount to which he is entitled does not make the defendants fiduciaries. Nor do plaintiff’s allegations plead the existence of any special circumstances justifying the equitable relief of an accounting.
*588 Accordingly, the defendants’ motions numbers 84 and 135 to dismiss the complaint are granted and leave to replead is granted to the plaintiff.