■ SANSHOE TRADING CORP., Appellant, v MITSUBISHI INTERNATIONAL CORPORATION et al., Respondents. — Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered on or about January 10, 1984, unanimously affirmed. Respondents shall recover of appellant one bill of $75 costs and disbursements of this appeal. Concur — Sandler, J. P., Ross, Carro and Alexander, JJ.

Silverman, J., concurs in a memorandum as follows: I agree that the complaint fails to state a cause of action for the equitable action of accounting.

However, since the adoption of the CPLR this defect has been held not to be a ground for the dismissal of the complaint for insufficiency on its face, if some other cognizable claim, even one at law, can be spelled out. (*Lane v Mercury Record Corp.,* 21 AD2d 602, affd 18 NY2d 889.) I think that a cause of action at law for breach of contract can probably be spelled out from the complaint. But no one has asked us to apply the rule of the *Lane* case in this case. Instead, both parties have in essence asked us to rule whether on the face of the complaint plaintiff is entitled to an equitable accounting; both have presented the question of the sufficiency of the complaint as involving simply the question of the right to an equitable accounting.

In the circumstances, the parties can be said to have charted their own procedural course. And as both Special Term and this court have considered the issue without regard to the *Lane* doctrine, I see no useful purpose to be served by refusing to rule on the sufficiency of plaintiff's pleading as affecting the right to an equitable accounting.

Further, I suppose that now that the parties and the court have come to this point, early as it is, in the consideration of the case, it will probably ultimately be more convenient for everybody to work with a pleading which directly focuses on an action at law for breach of contract rather than trying to mine allegations with respect to breach of contract out of a pleading which focuses on equitable accounting. [122 Misc 2d 585.]