REDONDO S. S. CO., Inc., v. ARCHIBALD McNEIL & SONS CO.

(Circuit Court of Appeals, Second Circuit. December 23, 1926.)

No. 205.

Admiralty ⊙►104—Libelant, giving satisfaction of decree for items of damages save one, could not appeal from decree as to such item.

Libel to recover for failure to deliver full and complete cargo, demurrage, expenses for reconstruction of bins, and payment for insurance and survey, *held* an inseparable controversy, such that libelant, after giving full satisfaction of decree allowing damages for all items but one, could not appeal from such decree as to such item.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Redondo Steamship Company, Inc., against the Archibald McNeil & Sons Company. From a decree for libelant, denying recovery as to a particular item, libelant appeals. Appeal dismissed.

Edward H. Wilson, of New York City, for appellant.

George A. McLaughlin and Francis X. Carmody, both of New York City, for appellee.

Before MANTON and HAND, Circuit Judges, and CAMPBELL, District Judge.

MANTON, Circuit Judge. Appellant's libel sought recovery for failure to deliver full and complete cargo, demurrage, expenses for reconstruction of bins, and payment for insurance and survey. The theory of the action was for breach of contract of affreightment, and was based upon one inseparable controversy. A decree was entered upon the libelant's motion for damages, covering all but one of these items. The decree does not recite damages for the alleged breach of failure to supply full cargo, nor is the libel dismissed as to this item. The amount of damages awarded was paid and full satisfaction of the decree given. The libelant now appeals. The present motion is to dismiss the appeal. We think the controversy was inseparable, and that the accord

and satisfaction given by the libelant for the damages estops the libelant-appellant from prosecuting the present appeal. Spencer v. Babylon R. R. (C. C. A.) 250 F. 24; Albright v. Oyster (C. C. A.) 60 F. 644.

The motion to dismiss is granted.

HAND, Circuit Judge (concurring). In an action at law, where the judgment must usually be reversed in whole, or not at all, the successful party may not sue out a writ after receiving the amount adjudged. If successful, he will hold money of his adversary to which he has not been judged to be entitled. Knapp v. Brown, 45 N. Y. 207. But even in an action at law this is not true (Worthington v. Beeman, 91 F. 232 [C. C. A. 7]), if the judgment may be reversed in part. In a suit in equity, one may appeal from part of the decree, and only that part will be reviewed. So it is the rule that, when the awards are separable, the acceptance of an amount awarded by a part of the decree not appealed from does not preclude an appeal from other parts. Embry v. Palmer, 107 U. S. 8, 2 S. Ct. 25, 27 L. Ed. 346; Gilfillan v. McKee, 159 U. S. 303, 311, 16 S. Ct. 6, 40 L. Ed. 161; Snow v. Hazlewood, 179 F. 183 (C. C. A. 5). I cannot see that all this has anything to do with whether the items in question arise under a single contract; the question is determined solely by the extent to which the appeal searches the judgment or decree below.

Now this is a suit in the admiralty, and an appeal is a new trial, which opens the record at large. The appellee may secure a dismissal of the whole libel at bar, including the award of demurrage. If he should, the appellant would have money which had never been awarded to him. Under such circumstances his appeal gives him an unfair advantage. Therefore I think that the collection of the decree was a fatal objection to the appeal, while the appellant retained the money in his hands.

It was held in U. S. v. Dashiel, 3 Wall. 688, 18 L. Ed. 268, that partial satisfaction of a judgment by execution before writ of error did not invalidate the writ, and it was said that it was not a retraxit, exen if obtained after the writ issued, and that the same was true of voluntary payments. I cannot see what distinction there is in principle between partial and full satisfaction, certainly if my explanation is correct. However, that decision did not profess to cover cases of full satisfaction, and so far as I know it has never been doubted that in that case the writ is invalid or withdrawn. More-

over, in the later cases which I have cited, the Supreme Court assumed that in suits in equity satisfaction was fatal to an appeal, so far certainly as that part of the decree was concerned which had been satisfied.

Therefore, though on somewhat different grounds, I concur with my brothers.