### ALLEN v. BANK OF ANGELICA.

Circuit Court of Appeals, Second Circuit.
June 24, 1929.

No. 270.

John Griffin, of Hornell, N. Y., for appellant.

D. D. Dickson, of Wellsville, N. Y., for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above). The appellant is dissatisfied only because he was not awarded the gross proceeds of the sales, instead of the net proceeds. That is all there is in this appeal, and makes it stand out in bold relief that the claim on which the appellant has had a judgment which has been satisfied is exactly the same claim on which he would again seek recovery on his theory of the law applicable to this case. As not infrequently happens, he has recovered less than he claimed the right to recover. His failure was not due to any dispute as to the facts, but solely to his having been unable to convince the court that the law on which he relied was applicable. Consequently we have a judgment based on inseparable claims, and from which an appeal has been taken by the party, who has already received the benefit of such judgment by accepting complete satisfaction of it. This is quite different from taking an appeal from a judgment which is based on separate and distinct claims, and the claim or claims for which payment has been received are no longer in controversy. Where an appeal is taken under such conditions, the appellant is not involved in the inconsistency here present, for he has received only that to which he is entitled in any event. See Embry v. Palmer, 107 U. S. 3–8, 2 S. Ct. 25, 27 L. Ed. 346; Carson Lumber Co. v. St. Louis & S. F. R. Co. (C. C. A.) 209 F. 191; Peck v. Richter (C. C. A.) 217 F. 880.

But the trouble with the position that the appellant has taken in this case lies in the fact that, if this judgment should be reversed, it must be reversed in its entirety, and there would remain in' the possession of the appellant money to which it had not been determined that he was entitled. He has voluntarily placed himself in the position of admitting the validity of the whole judgment, for the purpose of accepting entire satisfaction of it by receiving money which otherwise would presumably still be in the possession of the appellee, and, having done so, cannot be heard to deny its validity for the purpose of litigating the same claim again, in an attempt to increase the amount of the award. To permit him to do this would put him in the unfair position of one who has collected in advance, in part, at least, a judgment which he has not yet obtained, and which we have no right to assume he will ever obtain. Without accepting payment, the appellant could have appealed from this judgment, and urged here the error which he thinks entered into it. He elected to accept satisfaction. He necessarily had to accept at the same time the view of the law on which the judgment was based, and is estopped from prosecuting this appeal. Redondo S. S. Co., Inc., v. McNeil & Sons Co. (C. C. A.) 16 F.(2d) 462; In re Minot Auto Co. (C. C. A.) 298 F. 853; Albright v. Oyster (C. C. A.) 60 F. 644.

Appeal dismissed.