## COLQUETTE v. CROSSETT LUMBER CO.

### No. 12879.

Circuit Court of Appeals, Eighth Circuit.

May 5, 1945.

---

[1] See Faulk v. Mutual Life Insurance Co., 160 La. 529, 107 So. 395; Webster v. New York Life Insurance Co., 160 La. 854, 107 So. 599.

Charles E. Wright and J. R. Wilson, both of El Dorado, Ark., for appellant.

H. S. Yocum, of El Dorado, Ark. (J. K. Mahony, of El Dorado, Ark., on the brief), for appellee.

Before SANBORN, WOODROUGH, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

Ray Harris brought this action against his employer, the Crossett Lumber Company, to recover overtime compensation, liquidated damages, and attorneys' fees as provided by the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The trial in the district court resulted in a judgment in favor of Harris from which he appealed. Following the death of Harris after the taking of the appeal, the administrator of his estate has been substituted as appellant.

In the complaint which was filed May 20, 1943, Harris alleged that he had been employed by the lumber company continuously from October 24, 1938, until October 3, 1942, and that throughout this period the lumber company had failed to pay him for his hours of overtime in accordance with the Fair Labor Standards Act. In its answer the lumber company denied that Harris had worked more than the maximum hours permitted by the Fair Labor Standards Act in any week during the time of his employment, and alleged that his claim for overtime and damages accruing before May 20, 1940, was barred by the statute of limitations of the State of Arkansas where the parties resided and where the controversy arose and was tried. The district court sustained the lumber company's plea of the statute of limitations, and, on conflicting evidence, found that Harris was entitled to recover for the period of his employment beginning May 20, 1940. A judgment in his favor for $2,266.35 covering compensation for overtime, liquidated damages, and attorneys' fees was entered on November 29, 1943.

On December 14, 1943, the lumber company drew a check payable to Harris and his attorney for the amount of the judgment, with interest from its date until the date of the check, less deductions amounting to $21.59 which the lumber company thought it was required to make for Federal social security and victory taxes on compensation payable by it to Harris. This check in the amount of $2,244.76 was tendered to Harris and his counsel, apparently with an explanation of the deductions, in full and final settlement of the judgment. It was accepted by Harris and his counsel as tendered, without objection, and was paid by the lumber company's bank on December 21, 1943. On January 12, 1944, Harris filed in the district court a motion to correct the judgment by the addition of interest, computed at the rate of six per cent per annum from the date on which each weekly installment of wages became due and payable until the entry of the judgment on November 29, 1943. On January 21, 1944, Harris filed an amended and substituted motion to amend the judgment by the addition of interest, and on that day and the day following orders were entered denying the motions. The motions to amend the judgment did not question the propriety of the deductions for Federal taxes.

The grounds assigned for reversal of the judgment of the district court are that the court erred (1) in sustaining defendant's plea of limitations, (2) in denying the motions to add interest to the judgment, and (3) in its findings of fact concerning the number of hours worked by Harris. The appellee lumber company has moved to dismiss the appeal on the ground that, by the acceptance by Harris of the sum tendered in full payment of the judgment, the appellant is estopped to prosecute this appeal.

Since the submission of this case the Supreme Court has held that an employee recovering wages and liquidated damages under the provisions of the Fair Labor Standards Act is not entitled to interest on the sum so recovered. Brooklyn Sav. Bank v. O'Neil, 65 S.Ct. 895, and J. F. Fitzgerald Construction Corporation v. Pederson, 65 S.Ct. 892. In view of these decisions the motion to dismiss the appeal presents only the question of whether one who has recovered a single judgment on a single claim, and who has accepted and retained substantially the amount of the judgment recovered, may thereafter appeal. We think the rule is firmly established that

118

in the circumstances stated the right of appeal is lost. "Accepting the fruits of a judgment and thereafter appealing therefrom are totally inconsistent positions, and the election to pursue one course is deemed an abandonment of the other." Kaiser v. Standard Oil Co. of New Jersey, 5 Cir., 89 F.2d 58, 59; Altman v. Shopping Center Bldg. Co., 8 Cir., 82 F.2d 521, 527; Storley et al. v. Armour & Co., 8 Cir., 107 F.2d 499, 504. The rule should apply with especial force where, as here, the amount received under the judgment was tendered to and accepted by the judgment holder in full and final payment of the judgment from which he attempts to appeal. Smith v. Morris et al., 3 Cir., 69 F.2d 3, 4.

The facts in this case do not bring it within the exceptions to the general rule illustrated by the cases cited by this court in Altman v. Shopping Center Bldg. Co., supra.

Appeal dismissed.