Richard W. WILSON, individually and as assignee of Gustave Simons, Plaintiff-Appellant,

v.

The PANTASOTE COMPANY, Defendant-Appellee.

No. 179, Docket 24828.

United States Court of Appeals Second Circuit.

Argued Feb. 14, 1958.

Decided April 2, 1958.

Richard W. Wilson, New York City, (Gustave Simons, New York City, on the brief), plaintiff-appellant pro se.

Milton Kunen, New York City (Donald H. Balleisen and Kaye, Scholer, Fierman, Hays & Handler, New York City, on the brief), for defendant-appellee.

Before HINCKS and LUMBARD, Circuit Judges, and GALSTON, District Judge.

LUMBARD, Circuit Judge.

This is an appeal from an order of Judge Dimock, Southern District of New York, entering summary judgment for the defendant. The defendant-appellee moves to dismiss the appeal. Because of our disposition of the motion to dismiss, we find it unnecessary to pass on the merits of the case.

The plaintiff is an attorney and sued individually and as assignee of another attorney to collect a fee allegedly due for handling certain tax matters for the Pantasote Company. The complaint sounds in *quantum meruit*. The defend-

ant answered alleging the existence of a written retainer agreement whereby the defendant's general counsel was to fix the fair and reasonable value of the services; that under such agreement general counsel had set plaintiff's assignor's fee at $10,000; and that a check for $7,500 had been tendered in full payment thereof, $2,500 having been paid previously. A counterclaim was interposed praying for declaratory judgment limiting the defendant's liability to the $7,500. The plaintiff filed a reply admitting the existence of the retainer but denying that the plaintiff was bound by it. A motion for summary judgment was thereafter made by the defendant and Judge Dimock granted it holding that the contract controlled in the absence of a showing to the contrary by the plaintiff. Judgment was entered for the plaintiff for $7,500. A notice of appeal was thereupon filed by Wilson. Shortly thereafter he assigned his interest to the original assignor Gustave Simons. A motion to replace Wilson with Simons was denied by Judge Cashin on August 7, 1957.

On September 3, 1957 Simons, the then owner of the claim, wrote to the counsel for the defendants demanding payment of the $7,500 for which the judgment had been entered. The defendant through its counsel forwarded a check to plaintiff's counsel for that amount with a covering letter stating that payment was tendered as full satisfaction of the claims and noting their understanding that this would be dispositive of the appeal. The check was endorsed by the plaintiff and cashed.

On November 15, 1957 a motion to dismiss the appeal on the ground that the plaintiff was estopped by his acceptance of the payment was denied by this court without prejudice to renewal upon the argument of the appeal. On argument the motion was renewed on the same ground. The appellant contends that the acceptance of the money could work no estoppel as that amount of money was absolutely owing as a matter of law. We find that the acceptance of the

check is inconsistent with this appeal and accordingly we dismiss the appeal.

Here the money which the plaintiff demanded and received was not absolutely owing to him as a matter of law other than by reason of the judgment below. His complaint sounded in *quantum meruit;* he alleged that no liquidated amount was owing, and he sought to have the District Court assign a value to his services, that the fair and reasonable value of the services was $70,000, and asked judgment in that amount. The court below found that a special contract existed between the parties under which the plaintiff was owed $7,500 and, entering judgment for that amount, dismissed the claim for *quantum meruit.* Even if in the situation presented an action for *quantum meruit* would lie the court would not be constrained as a matter of law to award the plaintiff $7,500: under applicable law a lesser sum might be awarded.

Plaintiff's appeal seeks to have that decision reversed and seeks a trial on the merits for the fair value of the services. His acceptance of the $7,500 awarded by the District Court seems to us to be inconsistent with this appeal. He has accepted the advantages of the judgment and will not now be heard to question that judgment. The appellant is estopped by his acceptance of the amount of the judgment and the appeal must be dismissed. Spanel v. Berkman, 7 Cir., 1948, 171 F.2d 513, certiorari denied 336 U.S. 968, 69 S.Ct. 940, 93 L.Ed. 1119; In re Electric Power & Light Corporation, 2 Cir., 1949, 176 F.2d 687, 690; Colquette v. Crossett Lumber Co., 8 Cir., 1945, 149 F.2d 116; Smith v. Morris, 3 Cir., 1934, 69 F.2d 3; Allen v. Bank of Angelica, 2 Cir., 1929, 34 F.2d 658, 659. Having accepted the benefits of the judgment of what was due for his services he will no longer be heard to complain of it so as to increase the amount of the recovery for those very services.

The motion to dismiss the appeal is granted with costs of the appeal to the defendant-appellee.