Charles William TESSMER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20211.

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1964.

Charles W. Tessmer, Dallas, Tex., Clyde W. Woody, Houston, Tex., Emmett Colvin, Jr., Dallas, Tex., for appellant.

Barefoot Sanders, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

This appeal is from a judgment and conviction of contempt of court arising from the appellant's conduct as defense counsel in a criminal case. On three occasions during the trial, the appellant disclosed to the jury that in an earlier trial there had been a hung jury. In the Certificate of the Contempt Proceedings, the trial judge stated:

"The defendant's counsel, each time he made and repeated the hung jury disclosure, did so designedly in an effort to serve the chances of a favorable fate for his client, but with present knowledge that what he did was fraught with potential prejudice to the due administration of the law, and his action was done with the prospect in mind that such hung jury factor might well be conducive, if not to an acquittal, at least to another hung jury and further delay, or maybe in time a dismissal by the Government. The means adopted to pursue said desired end, however, are deemed beyond proper lawyer zeal. The defendant's counsel, as an able and experienced lawyer, knew that if he had sought beforehand to have the Judge pass on the propriety of making hung jury comments, it would have been forbidden by the Court."

The district court found the attorney guilty of contempt of court and imposed a fine of $100. The contemnor paid this sum immediately and was given a receipt for it by a deputy clerk of court. The next day the appellant filed this appeal.

In his original brief the appellant contends that the acts reflected in the record are insufficient to constitute the offense of contempt requiring summary proceedings pursuant to 18 U.S.C.A. § 401. In a supplemental brief and affidavit the appellant belatedly asserts that he did not intend to pay the fine; that he intended to place the $100 "in deposit pending an appeal as to the contempt proceeding". The Trial Court stated in the Record: "He has paid said fine."

The affidavit of the deputy clerk who received the money states that the contemnor told him "at the time he paid the $100 that it was in payment of a fine for contempt." The receipt had no reference to a "deposit pending appeal", although some days later these words were added to the office copy on instructions of the Clerk of Court.

We find it unnecessary to discuss the merits of this appeal. The satisfaction of the judgment by the payment of the fine rendered this case moot. Murrell v. United States, 5 Cir. 1958, 253 F.2d 267, cert. den'd 358 U.S. 841, 79 S.Ct. 65, 3 L.Ed.2d 76.

The appeal is dismissed.