Thomas Lee **MATTHEWS, Petitioner-Appellant,**

v.

**STATE OF FLORIDA et al., Respondent-Appellee.**

**No. 31033.**

United States Court of Appeals, Fifth Circuit.

July 17, 1972.

---

Henry A. Edgar, Jr., Miami, Fla., for petitioner-appellant.

Richard E. Gerstein, State's Atty., Jack R. Blumenfeld, Asst. State's Atty., Miami, Fla., for respondent-appellee.

Before COLEMAN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This case started its long journey through the judicial system in January of 1969, when appellant, Thomas Lee Matthews, filed a petition for habeas corpus. At that time appellant was serving part of a jail sentence which was imposed by the Municipal Court of Dade County, Florida, for traffic violations. In December of 1968 and January of 1969, appellant was convicted of three traffic offenses,[1] and sentenced to a jail term of 60 days, to fines totaling $520.00, to court costs of $50.00, and to additional jail time of 58 days if the fines were not paid. It is undisputed that appellant was indigent at the time of his conviction, that he was not advised of his right to counsel, and that counsel was not provided for him.

Appellant's petition for habeas corpus alleged that he had been denied his Sixth Amendment right to advice of counsel because counsel had not been appointed in his misdemeanor or petty offense trials, which carried the threat of and eventually resulted in a jail sentence. The district judge denied appellant's writ, and this court remanded for clarification of some apparent inconsistencies in the record regarding the maximum penalty that Matthews could expect. Matthews v. State of Florida, 5 Cir. 1970, 422 F.2d 1046. In February of 1970, after appellant filed his petition in January of 1969, the municipal court judge released appellant from custody, apparently after he had served only about 34 days of his sentence. Appellant paid all of his fines before he was released. Pursuant to the remand by this court the district court held an evidentiary hearing in order to clarify the inconsistencies and contradictions in the previous record on appeal. The district court then dismissed appellant's petition on two grounds: (1) that he was not entitled to counsel in a misdemeanor or petty offense case that could involve jail time, and (2) that the case had been

1. Twice for driving without a valid driver's license and once for making an improper start.

mooted by appellant's release from prison and payment of his fines. This court held appellant's appeal from the denial of his petition, pending decision of Argersinger v. Hamlin, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, by the Supreme Court. *Argersinger* concluded that the failure to grant counsel to Matthews was constitutional error, and this appeal concerns only the question of whether or not Matthews' case is now moot.

■ We conclude that appellant's case is not moot, and that the order denying his petition for habeas corpus must be vacated and remanded. The question of mootness in a habeas corpus situation turns on the substantiality of any *"collateral consequences"* that may have befallen the appellant during the time in which his or her appeal was pending. *See* Carafas v. LaVallee, 1968, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554. While *Carafas* involved a convicted felon, we conclude that the rationale of *Argersinger* requires that *Carafas* apply to a situation in which a jail term was levied and served and fines were assessed and paid:

> "We must conclude, therefore, that the problems associated with misdemeanor and petty offenses often require the presence of counsel to insure the accused a fair trial. . . . We need not consider the requirements of the Sixth Amendment as regards the right to counsel where loss of liberty is not involved, however, for here, petitioner was in fact sentenced to jail. And, as we said in Baldwin v. New York, 399 U.S. [66], at 73 [90 S.Ct. 1886, 26 L.Ed.2d 437]: '[T]he prospect of imprisonment for however short a time will seldom be viewed by the accused as a trivial or "petty" matter and may well result in quite serious repercussions affecting his career and his reputation.' "

Argersinger v. Florida, 92 S.Ct. at 2012. In the instant case Matthews paid almost $600.00, served about one month in jail, and lost "points" on his driver's license. In addition to the actual financial loss and the precarious position in which his driver's license has now been placed, Matthews may very well have sustained the same "repercussions affecting his career and his reputation" that compelled the Supreme Court to reach its conclusions in *Argersinger*.[2] Therefore, the district court's order must be vacated, with directions to ascertain whether or not appellant's failure to obtain counsel was the result of a voluntary waiver, Argersinger v. Florida, *supra.*

Vacated and remanded.

COLEMAN, Circuit Judge (dissenting):

I think the disposition of this case is controlled by our prior decisions in Taylor v. United States, 1969, 410 F.2d 392 and Wade v. Carsley, 1970, 433 F.2d 68.

The *Taylor* case is brief and to the point. I quote it in toto:

> "On June 16, 1967, the appellant, a practicing attorney, was fined $500.00 by the District Court upon adjudication of guilty of contempt of court for failure to appear as counsel in a scheduled criminal trial after being retained as counsel. The sentence provided that in lieu of payment of the fine the respondent stand committed for a period of five days.
>
> "The appellant paid the $500.00 fine in question to the Clerk on the date

---

2. Westberry v. Keith, 5 Cir. 1971, 434 F.2d 623, is inapposite. In a pre-*Argersinger* situation, this court concluded in *Westberry* that appellant, who had been deprived of her driver's license and forced to pay several fines for various traffic violations, was not entitled to bring a petition for habeas corpus. However, the rationale of that decision was simply that appellant was not "in custody" at the time of the filing, and that the "collateral consequences" analysis of Carafas v. LaVallee, *supra*, did not create the requisite "custody" to maintain appellant's habeas corpus petition. In the instant case Matthews was indisputably "in custody" at the time his petition was filed.

the fine was imposed. On July 17, 1967, he filed his notice of appeal to this Court.

"Pointing out that the sentence of the court was fully executed by the payment of the fine, the appellee has moved for a dismissal of the appeal as moot. We find that the appellee's motion is well taken. We have no power to decide moot questions and we cannot give advisory opinions which cannot in any way affect the rights of litigants. We therefore do not reach the merits of this controversy. The controlling cases are St. Pierre v. United States, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1948) ; Murrell v. United States, 5 Cir., 1958, 253 F.2d 267, cert. den. 358 U.S. 841, 79 S.Ct. 65, 3 L.Ed.2d 76; Tessmer v. United States, 5 Cir., 1964, 328 F.2d 306, 307; United States v. Lee, 5 Cir., 404 F.2d 68 [November 15, 1968].

"The appeal is

"Dismissed."

What we said in Wade v. Carsley is similarly terse:

"Case No. 27,953, Wade v. Carsley, is moot. Wade's additional imprisonment for inability to pay a $500.00 fine was fully served before this suit was brought initially. Wade pled guilty in state court to the offense of breach of the peace and was sentenced. She does not here attack the plea of guilty or the right of the court to impose sentence. She attacks only the length of the sentence imposed, i. e., the additional six months served for inability to pay the fine. The application of *Williams* [Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586] will not invalidate the conviction marked against Wade's record and there is simply no other relief available to Wade at this time. We obviously cannot turn back the clock. Neither can we find any collateral consequences that arise here from a fully-served sentence for inability to pay a fine. Wade's misdemeanor conviction has not caused her to lose the right to vote, to hold public office to join a union, or to engage in a particular business, as was the case in Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). No. 27,953 is accordingly dismissed for mootness." 433 F.2d at 70.

Both these cases were decided after the Supreme Court decided Carafas v. LaVallee.

The facts of this *traffic case* were that while he was a "jail trusty" Matthews was twice arrested for driving without a license and for making an improper start (running a stop sign). He pleaded guilty to the charges, but without counsel. This is now the case before us for habeas corpus review, although Matthews has long since paid his fine and been released from jail.

The majority says that Matthews' driver's license has been placed in a "precarious position" and that this constitutes a substantial collateral consequence. I look upon this with considerable skepticism because Matthews had no driver's license when arrested and thus had no license to lose. Even more convincing, to me, is that the point system apparently applies only to those who have driver's licenses. See 13 Florida Statutes Annotated, Motor Vehicles, § 322.27. Moreover, twelve points are required for a thirty day suspension, and an improper start conviction costs only three points. Of course, the statute provides no points for driving without a license. To cap it off, all points are automatically cancelled in thirty six months, so any points assessed against Matthews expired on January 20, 1972.

As to "repercussions affecting his career and his reputation", if that be a substantial collateral consequence, [See Note, 9 A.L.R.3rd at 474], Matthews made no point of this in the District Court and there are no findings with reference to it.

In any event, counsel for Matthews stated below that the purpose of the habeas corpus was to obtain a federal court order requiring that Matthews'

fine be refunded. This, of course, the District Court could not order. If Matthews' original pleas of guilty are invalid, our jurisdiction in habeas corpus would be to direct his release, but ordinarily he could be tried anew, with counsel representing him. I doubt that Matthews wants that to happen.

I agree with the District Court that Matthews' case was moot and I would affirm the dismissal entered below.

I respectfully dissent.