**Jimmy Lynn GREEN, #210672**

**v.**

**Sheriff Clarence JONES et al.**

**No. CA 3-6648-C.**

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 16, 1973.

Jimmy Lynn Green, pro se.

Henry Wade, Criminal Dist. Atty., John B. Tolle, Asst. Dist. Atty., Dallas, Tex., for defendants.

## MEMORANDUM OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Petitioner/Complainant herein has joined a Petition for Writ of Habeas Corpus with a Civil Rights claim under 28 U.S.C. 1331, 1343 and 42 U.S.C. 1983, 1985. He filed a pleading July 12, 1973, which the Court liberally construes as an amended writ and complaint. Permission is hereby granted to Complainant to file same as his First Amendment Complaint.

Petitioner has complained that he was being illegally confined by Respondents. As is shown by the face of his First Amendment Complaint, he is no longer confined in the Dallas County

Jail by Respondents. He makes no allegation that he is presently in the custody of Sheriff Jones. Also, his affidavit in support of his Motion to Proceed in Forma Pauperis was shown to in Brazoria County, Texas, a county many miles from Dallas County, Texas. The only reasonable conclusion to be drawn is that Petitioner is in Brazoria County, Texas, which renders it impossible for him to be in the Dallas County Jail. This is not an instance where the collateral consequences test of Matthews v. Florida, 463 F.2d 679 (5 Cir. 1972), would come into play. The reason for this is that collateral consequences relate to fines, enhancement and other events which will not flow from this type of event, an administrative act by jail authorities. Therefore, his Petition for Writ of Habeas Corpus is moot and dismissed.

We, therefore, have left only Complainant's Civil Rights claim. After carefully combing Complainant's pleadings and having given due regard to his ignorance of the law and apparent general lack of education, the Court has not been able to find sufficient allegations of Civil Rights violations to support a claim for relief. If his pleadings are construed to be true as to whether or not he has been thrown into solitary confinement each time that he has been in the Dallas County Jail, the Court need not and indeed cannot construe such event to be in violation of Complainant's Civil Rights. The Court must draw those inferences from such event that naturally flow from the event. Though it can be inferred that such incarceration was in violation of Complainant's Civil Rights, it can equally well be inferred that such incarceration was for security and disciplinary reasons. Such measure Courts do not interfere with, unless it is shown that a violation of a constitutional standard has clearly occurred. [See, Aulds v. Foster, 484 F.2d 945 (1973).]

Therefore, it is ordered that Complainant's Complaint be and is hereby dismissed.