**FIDELCOR MORTGAGE CORPORA-TION, f/k/a Local Mortgage Company of Georgia, a foreign corporation, Plaintiff-Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, a foreign corporation, Defendant-Appellee.**

No. 86–3507.

United States Court of Appeals, Eleventh Circuit.

June 29, 1987.

---

Stephen C. Bullock, Marks, Gray, Conroy & Gibbs, Jacksonville, Fla., for plaintiff-appellant.

William M. Howell, Howell, Liles, Braddock & Milton, Jacksonville, Fla., for defendant-appellee.

Before GODBOLD and HILL, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

HILL, Circuit Judge:

Fidelcor Mortgage brought suit against its insurer, Insurance Company of North America (ICNA), seeking reimbursement for monies paid to a third party who had successfully sued Fidelcor in state court for fraud, slander of title, and punitive damages. The district court found that ICNA's policy covered Fidelcor for the slander claim, but not for fraud or punitive damages.

A synopsis of the docket sheet best explains the course of events. On January 23, 1986, the district court filed an order finding ICNA liable for coverage on the slander claim; not liable for coverage on the fraud claim; and not liable for coverage on the punitive damage award. The last paragraph of the order concluded, however, that Fidelcor was owed nothing. The court directed entry of a final judgment based on this order. On January 23, 1986, that final judgment was entered.

Then, on April 30, 1986, in an order issued on Fidelcor's Motion for Reconsideration, the court struck the last paragraph of its January 23rd order (which stated that Fidelcor was owed nothing). The court then *vacated* the January 23rd judgment, and directed the parties to stipulate to the costs and fees incurred by Fidelcor in its state court direct appeal of the action brought by the state court plaintiff, as well as attorneys' fees and costs incurred by Fidelcor in pursuing the instant federal action.

Next, on June 30, 1986, once the court had received the information requested in its order of April 30th, the district judge entered an order requiring ICNA to pay Fidelcor $5,001.00 for coverage on the slander claim; $72,893.63 in costs and attorneys' fees incurred in both state and federal court; and $15,255.00 in prejudgment interest. On June 30, 1986, a final judgment was entered to this effect. The final judgment required ICNA to pay to Fidelcor the total sum of $93,149.63.

On July 10, 1986, Fidelcor filed a motion to amend *the* judgment. The court responded to Fidelcor's motion to amend the judgment in an order dated July 14, 1986. The court noted that the final judgment entered on June 30 was correct in the

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

amount of $93,149.63. It then denied Fidelcor's motion to amend.

On July 29, 1986, Fidelcor filed a notice of appeal. On September 10, 1986, ICNA paid the judgment of June 30th in full. Fidelcor executed a satisfaction of judgment on a standard form,[1] which ICNA then filed in district court on September 17, 1986.

ICNA now moves this court to dismiss the appeal, as the underlying judgment has been satisfied. It argues that when the action was dismissed, only one judgment remained, that of June 30th, which it paid in full. ICNA notes that the bulk of that amount ($42,822.00) was for attorneys' fees incurred by Fidelcor in federal court when fighting chiefly over coverage on the $200,-000 punitive damage claim. ICNA also points out that the judgment was satisfied *after* the notice of appeal was filed, so that Fidelcor cannot claim it wanted to preserve separate issues for appeal "despite" accepting satisfaction of the district court judgment.

In response, Fidelcor argues that it is appealing separate judgments. It claims that the January 23rd judgment disposed of the claims for punitive damages and fraud, and that it is separate from the June 30th judgment. Thus, while ICNA satisfied the June 30th judgment dealing with attorneys' fees and the slander claim, Fidelcor claims it is still entitled to pursue an appeal on the district court's January 23rd denial of reimbursement for the amount Fidelcor paid to the third party in state court in punitive damages and for fraud.

We find this argument unpersuasive. Fidelcor's position does not take account of the fact that the January 23rd judgment was *vacated*. The court's January 23rd order was used to support its June 30th order as well as the June 30th final judg-

ment but there was only one remaining final judgment. The court clarified this in its order of July 14th, when it denied Fidelcor's motion to amend the lone remaining judgment of June 30th.

Alternatively, Fidelcor argues that this case comes within an exception to the general rule that one who accepts the fruits of a judgment may not appeal from that judgment. *See e.g., Price v. Franklin Investment Co., Inc.,* 574 F.2d 594 (D.C.Cir.1978) (where a court "adjudicates separable or divisible controversies," the appealing party may accept the benefit of the divisible feature in his favor and challenge the portion adverse to him). Fidelcor argues that the claims it seeks to appeal are separable, even if the judgments are not. It argues that the court's January 23rd order operated as a separate disposition of the fraud and punitive damage claims, distinct from the court's June 30th disposition of the slander issue and attorneys' fees. It also argues that it specifically preserved these claims as distinct in its notice of appeal. Therefore, Fidelcor maintains that it should be allowed to appeal those "separate" issues decided adversely to it.

This latter contention is contradicted by the notice of appeal itself, wherein Fidelcor appealed *all* the court's orders, not just the January 23rd and July 14th orders which it claims operated as separate dispositions of the punitive damage and fraud claims. Further, Fidelcor ignores the fact that the bulk of the judgment ICNA satisfied was reimbursement for legal fees incurred by Fidelcor in federal court in attempting to get reimbursed for the punitive damages it paid to the third party in state court. Fidelcor received legal fees for work on an issue it lost.[2] It now insists that it has a right to keep those fees, and a right to appeal the underlying issue.

---

1. The satisfaction of judgment read in relevant part:
   > [Fidelcor Mortgage Company of Georgia] ... DOES hereby acknowledge full payment and satisfaction of all and singular the moneys [sic] ordered in and by the judgment to be paid to said Plaintiff by said Defendant, and does hereby authorize, empower and request the Clerk of the said Court to satisfy the said

   judgment and the said record thereof, of record.

2. Given our disposition of the case, we are not called upon to address the correctness of the district court's award of attorney's fees in this case, and we do not express an opinion on the issue.

We disagree. If ICNA's payment "satisfied" only the slander claim, Fidelcor would have received only $5,001, plus attorneys' fees incurred in the state appeal. It obviously received much more. Here, the judgment was dispositive of all the claims, against one defendant, and the attorneys' fees were inexorably wrapped up in each substantive issue.

Moreover, Fidelcor's argument that the punitive damages issue is separate and distinct ignores the fact that the district court did not treat the fraud and punitive damage issues as separate from the slander claim. In fact, in its January 23rd order the court found that Fidelcor failed to show that the punitive damage award stemmed from the slander claim or stemmed from the fraud claim, because the jury in the state court case yielded a general verdict. Unable to determine whether the punitive damages were awarded because of slanderous conduct or because of fraudulent conduct toward the state court plaintiff, the district court here applied a principle of Florida law which shifts the burden of proof to the insured in such a situation. The insured must then prove that the punitive award stemmed from a covered wrong. *See e.g. U.S. Concrete Pipe Co. v. Bould,* 437 So.2d 1061, 1065 (Fla.1983). Here, the district court found that slander of title was covered and fraud was not; Fidelcor could not prove that the punitive award stemmed from only the slander of title claim; thus, under Florida law, given a general verdict, the punitive award was *not* severable, and Fidelcor was not entitled to reimbursement. It was exactly the *nonseverability* of the punitive damages claim which caused Fidelcor to lose when it tried to get reimbursement for that claim in district court. Fidelcor's case does not fit within the exception it seeks to apply.

Finally, the fact that Fidelcor may have subjectively intended to continue with appeal is irrelevant. When it executed the satisfaction of the judgment, it included no reservation allowing it to proceed with an appeal on some issues; it satisfied the judgment in toto. Therefore, there is nothing left from which it may appeal. *See* 5 *CJS,* Appeal & Error § 1354(6)(b); *cf.*

*White v. C.I.R.,* 776 F.2d 976 (11th Cir. 1985) (party who consents to entry of judgment waives right to appeal from it). It is well settled that when a litigant accepts the substantial benefits of a judgment, voluntarily and intentionally, and with knowledge of the facts, he waives the right to appeal from an otherwise adverse judgment. *Wilson v. Pantasote Co.,* 254 F.2d 700 (2d Cir.1958); *Lanier v. Sallas,* 777 F.2d 321 (5th Cir.1985); *Spanel v. Berkman,* 171 F.2d 513 (7th Cir.1948), *cert. denied,* 336 U.S. 968, 69 S.Ct. 940, 93 L.Ed.2d 1119 (1949).

Accordingly, appellee's motion to dismiss the appeal is GRANTED. Given our disposition of the case, we do not reach the merits of the appeal.