[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 10, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15931-HH

_____

D. C. Docket No. 05-00269-CV-ORL-28-JGG

ISRAEL ALVAREZ PEREZ,

Plaintiff-Appellee
Cross-Appellant,

versus

SANFORD-ORLANDO KENNEL CLUB, INC.,
COLLINS & COLLINS,
d.b.a. CCC Racing,

Defendants-Appellants
Cross-Appellees,

JACK COLLINS,

Defendant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

ON PETITION FOR REHEARING

Before CARNES, BARKETT and HILL, Circuit Judges.

CARNES, Circuit Judge:

Our previous decision in this FLSA case, <u>Perez v. Sanford-Orlando Kennel Club, Inc.</u>, 2008 WL 220070, ___ F.3d ___ (11th Cir. Jan. 29, 2008), decided all of the issues against the defendants who filed the appeal, and in favor of the plaintiff who filed the cross-appeal (except as it involved the one individual defendant). The decision had the effect of requiring the defendants to pay the plaintiff twice as much in damages, along with more attorney's fees, and it saddled the defendants with an unfavorable precedent which will lead to more damages and fee awards in other cases pending against them.

It is not surprising in view of those unpleasantries that Barnett Q. Brooks, the attorney for the defendants, has filed a rehearing petition. What is surprising is the position that he has taken in that petition. Instead of attempting to persuade us that our decision was wrong on the merits, Mr. Brooks instead contends that we should never have decided the merits of the case. We shouldn't have decided them, he argues, because the appeal was mooted when his clients paid the full amount of the judgment and a satisfaction of it was filed in the district court. Those events happened two weeks after we heard oral argument. Instead of promptly informing us of them, Mr. Brooks waited to see how we would decide the

2

appeal. Only after learning that he had lost the appeal, and lost it big, did he tell us about what he characterizes as jurisdiction-stripping events that had occurred three-and-a-half months before we issued our decision. What we must now do, he insists, is recognize that our opinion is an impermissible advisory one which must be vacated.

As one might imagine, we are not happy that Mr. Brooks attempted to put this Court through a trial run. He should have immediately disclosed the circumstance that he contends rendered us powerless to decide this case, instead of holding it back as an insurance policy until he saw our decision. See Bd. of License Comm'rs Pastore, 469 U.S. 238, 240, 105 S. Ct. 685, 686 (1985) ("When a development after this Court . . . notes probable jurisdiction could have the effect of depriving the Court of jurisdiction due to the absence of a continuing case or controversy, that development should be called to the attention of the Court without delay."); Byrne v. Nezhat, 261 F.3d 1075, 1117 n.83 (11th Cir. 2001) (describing an attorney's duty of candor as a "continuing duty to inform the Court of any development which may conceivably affect the outcome of litigation" (internal quotation marks and citations omitted)); Merkle v. Guardianship of Jacoby, 912 So. 2d 595, 600 (Fla. 2d DCA 2005) ("During the pendency of an appeal, the duty of candor imposes an obligation on counsel to notify the court of

3

any development that may conceivably affect the outcome of the litigation, including facts that may raise a question of mootness."); 84 Lumber Co. v. Cooper, 656 So. 2d 1297, 1300 (Fla. 2d DCA 1994) ("We strongly emphasize, therefore, an attorney's ethical obligation, as an officer of the court, to immediately raise before a trial court the fundamental issue of lack of subject matter jurisdiction, after it becomes apparent . . . ."). What sanctions, if any, should be imposed on Mr. Brooks for this behavior is a question for another day. The question for today is a purely jurisdictional one: Did the payment of the original judgment and the filing of a satisfaction of it moot this appeal and cross-appeal, thereby stripping this Court of jurisdiction to enter a decision on the merits? The question turns on the relevant events and their chronology.

## I.

After a two-day trial a jury found in favor of the plaintiff on the issue of overtime and awarded him $2,100 in damages. The district court entered judgment against the defendants (except the one individual defendant) in that amount but denied the plaintiff any liquidated damages. The defendants who were found liable then appealed from that part of the judgment, and the plaintiff cross-appealed from the part of it denying him liquidated damages (and finding the individual defendant not liable). The appeal proceeded in the usual way before us. After full briefing,

4

we heard oral argument on October 9, 2007.

Shortly after oral argument, counsel for the plaintiff contacted counsel for defendants, as he describes it, "to discuss [defendants'] liability for interest accruing on the Judgment issued in this matter because it was clear during oral argument that a reversal of the jury's verdict in this matter would not be forthcoming from this Court." Appellee's Response to the Rehearing Petition at 6. Those discussions resulted in the defendants paying the plaintiff not only the original amount of the judgment, $2,100, plus interest, but also trial level attorney's fees in the amount of $29,099.29, plus interest. Rehearing Petition at A-1 & A-2. Two satisfaction of judgment documents, one reflecting each payment, were "drafted at the request of counsel for [the defendants] and filed upon his request." Appellee's Response to Rehearing Petition at 6. Those documents were signed by counsel for the plaintiff on October 22, 2007, and they were filed in the district court the next day. Rehearing Petition at A-1 & A-2.

The defendants' rehearing petition, urging us to dismiss the appeal and cross-appeal as moot, asserts that: "Notably, [the plaintiff] did not reserve his right to appeal the pending issues before the Court prior to accepting payment of the Judgment." The plaintiff's response counters that: "The Parties agreed that payment and acceptance was being made with the condition that the Parties would

5

move forward with this appeal and that this Court would render a decision in this appeal. . . . Notably, [the defendants] did not move to dismiss this appeal at that time and participated in the appeal thereafter."

Whatever may be said about the first quoted sentence from the plaintiff's response, the last quoted one certainly is accurate. On October 24, 2007, just two days after paying the plaintiff and one day after the satisfaction of judgment was filed, the defendants filed with us a supplemental letter brief addressing a question about the merits that had arisen during oral argument. The plaintiff's responsive letter brief addressing the same issue was filed seven days later. On November 19, 2007 the plaintiff filed a supplemental certificate of interested persons and corporate disclosure statement notifying us that one of the defendants had changed its corporate name and sold all or nearly all of its assets. That is what the parties did in this Court after the judgment had been paid and a satisfaction had been filed in the district court. They acted in all respects as though the appeal and cross-appeal were alive and that they were awaiting a decision from us.

Meanwhile, two other FLSA lawsuits brought by different plaintiffs against these same defendants raising essentially the same issues were pending in the district court. On January 4, 2008 in one of those related cases, and five days later in the other related case, the defendants filed in the district court a motion to stay

the proceedings in those cases pending our decision in this case. Appellee's Response to Rehearing Petition, Exhibit A & B. In both of those motions, the defendants represented to the district court that the issues raised in those two cases were identical to the ones we were going to decide in this case, although the amount of damages claimed were different. Id. In their motions the defendants urged that:

> In order to avoid inconsistent judgments, unnecessary litigation costs, attorney's fees and to conserve the judicial resources of this Court, Defendant respectfully requests that the Court enter a stay of the instant matter until the Eleventh Circuit issues its decision in Perez. When Perez is decided, to the extent any dispute remains, the stay should be promptly lifted and the parties should be required to file memoranda to address the effect that the Eleventh Circuit's disposition of Perez has on this litigation.

Appellee's Response to Rehearing Petition, Exhibits A & B at 2. One of those motions was denied on January 9, 2008 and the other on January 16, 2008.

On January 29, 2008 we issued our opinion in this case, which affirmed the district court's judgment insofar as it granted judgment for the individual defendant and against the other defendants; we reversed the judgment insofar as it denied the plaintiff's motion for liquidated damages. Perez, 2008 WL at *17, ___ F.3d at ___. Except for the individual defendant, the result was a clean sweep for the plaintiff.

On February 11, 2008, the defendants filed a petition for rehearing. In that petition for the first time they notified this Court that they had satisfied the

7

underlying judgment months earlier. They contend that satisfaction of the judgment rendered the case moot and ousted this Court of jurisdiction to issue a decision, and on that basis ask us to vacate our opinion.

## II.

The Supreme Court rejected a similar argument in United States v. Hougham, 364 U.S. 310, 81 S. Ct. 13 (1960). There the government had filed a complaint against several defendants who had allegedly violated the Surplus Property Act. Id. at 311, 81 S. Ct. at 15. The district court found that the defendants were guilty of fraud and awarded the government $8,000 in damages. Id. The defendants appealed contending that the claims against them were barred by the statute of limitations, and the government cross-appealed contending that the award of damages was inadequate. Id. The court of appeals affirmed. Id. Before the Supreme Court, the defendants argued that the entire controversy was moot and that the government was estopped from pursuing its cross-appeal because it had accepted from the defendants promissory notes in the amount of $8,000 before the judgment had been affirmed by the court of appeals. Id. at 312, 81 S. Ct. at 15–16.

The Supreme Court rejected the defendants' mootness argument in Hougham, stating that "[i]t is a generally accepted rule of law that where a

8

judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." Id. at 312, 81 S. Ct. at 16. The Court then looked to the circumstances to see if there were other reasons that the payment might be deemed to have ended the entire case. See id. at 312–13, 81 S. Ct. at 16. One circumstance in Hougham was that the defendants themselves had proposed payment of the underlying judgment, while the government "did nothing more in the entire transaction than accept the notes and execute the requested release." Id. at 312, 81 S. Ct. at 16. Another was that the language of the release in that case applied to only some of the government's claims against the defendants. Id. Finally, the Court reasoned that "since the transfer of the notes occurred prior to the decision of the Court of Appeals, it is clear that neither of the parties regarded that transfer as an accord and satisfaction of the entire controversy for both pursued their appeals in that court." Id. at 312–13, 81 S. Ct. at 16; see also id. at 313, 81 S. Ct. at 16 ("Thus respondents' contention here is totally inconsistent with their position in the Court of Appeals where they sought to avoid all liability to the Government, including liability for the $8,000 they had already paid."). Under those circumstances, the Supreme Court held that payment of the underlying judgment did not render the

appeal moot.  Id. at 313, 81 S. Ct. at 16.

As the Hougham decision teaches, the fact that the plaintiff in our case sought and obtained payment of the initial judgment he was challenging as inadequate is not enough by itself to render the appeal moot.  See id. at 312, 81 S. Ct. at 16.  Nor do we think it enough that the language of the satisfaction is not limited to only part of the judgment.  Instead, we look to the most important factor, which is the parties' objective manifestations of intent.  See McGowan v. King, Inc., 616 F.2d 745, 746 (5th Cir. 1980)[1] (citing Hougham and noting that a plaintiff who had accepted payment on an underlying judgment was "foreclosed from taking this appeal only if the parties mutually intended a final settlement of all the claims in dispute and a termination of the litigation"); see also Gadsden v. Fripp, 330 F.2d 545, 548 (4th Cir. 1964).

Here, the parties' actions speak loudly enough to drown out any language in the satisfaction.  In this case, as in Hougham, after the payments were made and the satisfaction was filed in the district court, both parties continued to pursue their appeals.  Both filed supplemental letter briefs addressing the merits, and the plaintiff filed an amended certificate of interested parties to inform us of a change

---

[1] See Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent in the Eleventh Circuit all decisions of the former Fifth Circuit announced prior to October 1, 1981).

in status involving one of the defendants. We believe here, just as the Supreme Court did in Hougham, that "it is clear that neither of the parties regarded [the payment] as an accord and satisfaction of the entire controversy for both pursued their appeals." Hougham, 364 U.S. at 312–13, 81 S. Ct. at 16. We believe here, just as the Supreme Court did there, that the defendants' contention of mootness "is totally inconsistent with their position in the Court of Appeals where they sought to avoid all liability to the [plaintiff], including liability for the [amount] they had already paid." Id.

The defendants in their rehearing petition do not mention the Hougham decision. Instead, they rely primarily on our decision in Fidelcor Mortgage Corp. v. Insurance Co. of North America, 820 F.2d 367 (11th Cir. 1987), to support their mootness argument. It is not stout enough to do so. In Fidelcor after the plaintiff filed a notice of appeal, the defendant executed a satisfaction of the underlying judgment. Id. at 369. The defendant then filed a motion to dismiss the appeal, which we granted. Id. at 369–70. We noted that the plaintiff's subjective intent to continue with the appeal was irrelevant and that, when the plaintiff executed the satisfaction of the judgment, it failed to include a reservation allowing it to proceed with its appeal. Id. at 370; see also Tessmer v. United States, 328 F.2d 306, 307 (5th Cir. 1964) (holding that an appeal was moot where an attorney immediately

11

paid his contempt fine, and then filed a notice of appeal the following day); cf. Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 387 F.3d 1241, 1243 (11th Cir. 2004) (denying a motion to dismiss the appeal as moot where the appellants accepted payment of the underlying judgment, but specifically reserved their right to appeal and there was no "evidence of some intent to end the litigation").

Our Fidelcor decision must be read in light of the Supreme Court's decision in Hougham, which is another way of saying that we will not steer one of our own decisions into a collision with Supreme Court precedent. Nothing in the Fidelcor opinion indicates that the parties had objectively manifested an intent to pursue the appeal in that case. The opinion does not indicate that after payment of the judgment had been proffered and accepted the parties filed appellate briefs on the merits. Nothing indicates that both parties in that case intended to await a decision on appeal. Instead, in the Fidelcor case a motion to dismiss the appeal was filed before the court of appeals issued a decision. See Fidelocor, 820 F.2d at 369–70.

That is not what we have here. In this case, the objective manifestations of both parties clearly indicate that they intended to pursue their positions in the appeal and cross-appeal. Instead of filing a motion to dismiss the appeal as soon as a satisfaction was filed in the district court, both parties continued to litigate the

12

case in this Court as though nothing had changed.

Not only that, but the defendants in this case also filed motions in two related cases pending in the district court that cannot be interpreted in any way except as manifesting their intent to pursue their appeal in this case to its conclusion on the merits. Otherwise, it would have made no sense for them to ask the district court to stay those two related cases until we decided this appeal. Only if the defendants were continuing to pursue a binding decision in this case could waiting for it possibly help "to avoid inconsistent judgments, unnecessary litigation costs, attorney's fees and to conserve the judicial resources of [the district court]" as they promised in their motions, which came more than two months after the satisfaction was filed.

Because the appeal is not moot, the petition for rehearing is due to be denied.[2]

**PETITION FOR REHEARING DENIED.**

---

[2] The defendants also contend in their rehearing petition that because he accepted payment for the judgment, the plaintiff lacks standing to pursue the cross-appeal. That contention depends on the proposition that both sides intended for the payment of the judgment to settle the controversy, which we reject for the reasons we have already explained.